E. O. & C. W. Goodrich *v.* Elijah Drew.

Franklin,
January,
1838.

Although goods, delivered, &c. may be charged to one person on book, yet
they may be recovered in an action of book against another, if it appears
that the first charge was mistaken, and the defendant was, in fact, the
debtor.

Where an account is disallowed, the reasons for disallowing it should be
stated by the auditor, and the court, to whom the report is returned, will
usually recommit the report, to have the reasons stated. But if audi-
tors make a general report, in actions before the county court, disallowing
any part of the charges of the plaintiff or defendant, and no exception
is taken, on that account, at the county court, it cannot, in this court, be
alleged as error, that the reasons for such disallowance were not stated
by the auditor,

This was an action of book account, in which judgment
to account had been rendered in the county court, and
the case referred to an auditor, who disallowed the greater
part of defendant's account, and reported a balance due the
plaintiffs of $30,06. No reasons were assigned in the re-
port for the disallowance of the part of the defendant's ac-
count, which was not allowed, and it did not appear that the
auditor was requested to make a special report of the reasons
for such disallowance, nor that any objection had been here-
tofore made,on the ground that no reasons for the disallowance
were stated in the report. The items in the plaintiffs' ac-
count, mentioned as numbered 2, 9, 18, 27, and 29, were
charged on the plaintiffs' original book, a part to Goodrich
& Barney, and a part to Goodrich & Hopkins. The auditor
reported, that it appeared from the plaintiffs' testimony that
those items were for work done for the defendant, and that
they were set to the account of Goodrich & Barney, and
Goodrich & Hopkins, in consequence of their having said to
plaintiffs that they would accept an order from defendant for
all the work, which plaintiffs might do for defendant.

The auditor further reported, that all the work done by the
plaintiffs for the defendant, was while the defendant was saw-
ing marble in the mill owned by F. V. Goodrich, and on a
contract between said F. V. Goodrich and the defendant.
It further appeared, that in the spring of 1834, defendant
became sick, and F. V. Goodrich took charge of the busi-
ness in the mill, with the understanding with the defendant,
that when he recovered, he might go on with the contract, and
receive the whole profits of the sawing, agreeably to his con-

tract, and account to F. V. Goodrich for what the latter should expend in carrying on the business ;—that the defendant did resume the business, as soon as his health was restored, and, on a final settlement between him and F. V. Goodrich, he was allowed for all the marble sawed during his sickness, and accounted to F. V. Goodrich for such sum as he had expended in prosecuting the business ;—that the work charged in the plaintiff's account, and described as numbered 34, 35, 36, 37, 38, and 39, was done while the defendant was sick, and during the time that F. V. Goodrich superintended the business in the mill, and at his request, and was charged on the plaintiffs' original book, in the account against Goodrich & Hopkins, and designated as work done *for mill ;*—that at the time the defendant and F. V. Goodrich adjusted and settled the business done under the contract for sawing marble, as aforesaid, the plaintiffs drew off their account against F. V. Goodrich, and presented it to the defendant, who refused to have it allowed against him in that settlement, as he had a settlement to make with plaintiffs, and preferred to settle it with them ; that no part of the work charged in the plaintiffs' account was accounted for by Drew, in the settlement between him and F. V. Goodrich, nor had any part of it been paid by F. V. Goodrich to plaintiffs, except 75 cents, which the auditor allowed to the defendant, nor by Drew, otherwise than by the account presented by him to the auditor.

The report of the auditor was accepted by the County court, and the case brought into this court upon exceptions by the defendant, to such acceptance.

*G. W. Foster*, and *O. Stevens*, for defendant.

The report ought not to be accepted for the following reasons :

1. From the auditor's statement of facts, in relation to plaintiffs' account, it appears that he has allowed, in plaintiffs' favor, charges for which they had no legal claim on defendant.

2. The auditor has not, in his report, stated any facts in relation to the defendant's account, which will enable the court to ascertain, whether his decision, rejecting that account, is correct or not.

As to the first point, charges in plaintiffs' account, numbered

2, 9, 18, 27, and 29, were originally charged to others than defendant, and the auditor does not find that the services in those items contained, were performed at defendant's request.

From the auditor's report, it appears that items numbered 34, 35, 36, 37, 38, and 39, are for services performed by plaintiffs, at the request of F. V. Goodrich, and for F. V. Goodrich's benefit, and for which defendant was never accountable to plaintiffs.

As to the second point, it is the duty of an auditor, whenever he makes a special report, to detail so much of the facts found, relating to each litigated item, as will enable the court to judge, whether the auditor has decided legally. *Eddy et al.* v. *Hine*, 3 Vt. R. 389.

*S. S. Brown*, for plaintiffs.

The opinion of the Court was delivered by

WILLIAMS, C. J.—The objections, which have been made to the several items of the plaintiffs' account, present to the Court no question of law. If the auditor erred, it was an error in deciding the facts on the testimony before him. The charges numbered 2, 9, 18, 27, 29, were for services performed for the defendant, and for his benefit, and although at first charged to Goodrich & Barney, and Goodrich and Hopkins, they were not debtors to the plaintiffs therefor. Whether the charge was made to them by mistake, or if the reason given by the plaintiffs, for making the charge in that way, may be considered unsatisfactory, still, if the services were performed for the defendant, he should be made accountable therefor. The charges numbered 34, 35, 36, 37, 38, 39, were, also, as it is found by the auditor, for services, of which the defendant had the benefit. By the agreement between the defendant and F. V. Goodrich, and by the settlement made between them, F. V. Goodrich was the agent for the defendant, in respect to those charges, and not the debtor of the plaintiffs.

It is objected in this case, that the auditor has disallowed a part of the defendant's account against the plaintiff, without stating any reason therefor. It is unquestionably true, that when the auditor disallows any of the charges of either party, such party is entitled to have the grounds of such disallowance stated in the report. If it is disallowed, because not supported by evidence, the direction of the auditor is fi-

nal,—if upon a question of law, the decision of the auditor may be re-examined. When the party requires such a statement of the auditor, either by a request to the auditor, or by an objection to the report when returned, it is usual to re-commit the report for amendment, and not to set it aside. And if no amendment is made, the report would not be accepted. In the case under consideration, no exception was taken to the report of the auditor, because he had not stated the grounds, upon which he disallowed the defendant's account, and nothing was done to direct the attention of the auditor or the county court to that subject, so that the report might be amended. A general report made by an auditor, of the balance found due, accompanied by a statement of the accounts, has been considered as good, when the auditor was not requested to make a special report. We think, therefore, that the party should not be permittted to urge the objection at this time, when it does not appear that it was ever made before. In the case of *Eddy et al.* v. *Hine,* 3 Vt. R. 389, it appeared that the decisions complained of were upon questions of law, and, as such, had been passed on by the county court, but the facts were not sufficiently stated, so as to raise the question, which the auditor and the party intended. The report, in that case, was intended as a special report, but was defective. In the case before us, there is nothing to indicate, that the amount was disallowed upon any legal objection. The auditor was not required to state the grounds, upon which he disallowed the account, nor was the attention of the county court directed to the subject by a particular exeception by the defendant. The presumption, therefore, is, that the account was disallowed, because it was not proved.

The judgment of the county court, upon the report, is affirmed.