VIRGIL PERKINS *vs.* JAMES H. HINSDALE & another.

At the trial of an action on an oral contract, which the defendants contend is a collateral undertaking, the evidence, if chiefly oral, and not absolutely distinct in its terms or consistent in its different parts, should be submitted to the jury, to determine whether the contract was direct or collateral.

CONTRACT on an account annexed for butcher's meat delivered by the plaintiff, a wholesale dealer, to Charles F. Hinsdale, a retail dealer.

At the trial in the superior court, before *Rockwell*, J., it appeared that Charles F. was a nephew of the defendants, and had accounts with the plaintiff. The plaintiff testified that the last credit which he gave him was on September 16, 1865; that on September 25 following, James H. Hinsdale, one of the defendants, came to the plaintiff's store and said he had heard that the plaintiff had refused Charles F. credit; that he replied that he had given Charles F. all the credit he felt safe to give; that James H. then urged him to give Charles F. further credit, stating that he and his brother, the other defendant, had advanced to Charles F. seventeen hundred dollars for capital; but that he replied that seventeen hundred dollars would go but little way in the meat business, and refused to do so unless James H. would become responsible; that then James H., in behalf of himself and his brother, they being partners, made an oral contract with the plaintiff, which the plaintiff stated as follows: " The arrangement was that I should go along and deliver Charles F. the goods he wanted, and they would pay the bill; and, when he came to that, I agreed to go along and deliver Charles F. meats as he wanted. I agreed I would go along with him and let him have meat each month, and go along with him to the 15th of the next month, and if the bill was not paid at that time by Charles F., they were to pay it; he wanted me to notify him; if Charles F. did not pay, he would pay. I did notify him. The goods were delivered to Charles F. on this contract. The credit was given to the defendants solely, and not at all to Charles F. I kept the accounts right along with Charles F. as before." Josiah Lyman, who was present at this conversation, testified: " I cannot give the language. I think it was the arrangement that Charles F. was to be pushed up till the 15th of each month, and, if not then paid, they, the firm, were to pay if notified. Charles F. was to have till the 15th, and if not paid then, they would see it paid." Selden Griswold, also present at the conversation, testified to the same effect. William D. Haw kins, the plaintiff's bookkeeper, testified that in November 1865 James H. came into the plaintiff's office and paid one hundred dollars upon the account now in suit, saying that it was money

sent down by Charles F.; and that James H. said, " I suppose we are holden for it."

The defendants called as a witness one Winchester, to whom, as an auditor, the account had been referred in the superior court, who testified that he did not remember that at the hearing before him the plaintiff testified anything about the defendants being solely responsible. The defendant James H. Hinsdale testified also that, at his conversation with the plaintiff, he did not agree that the defendants should become responsible for Charles F.'s defaults of payment, but only that if, on the 15th of any month, Charles F. should be in default, they would try to make him pay. On cross-examination, the witness admitted his signature to a letter which was introduced in evidence, addressed by him to the plaintiff's attorney, December 19, 1865, as follows : " Herewith you will find one hundred dollars, which you will please place in credit on claim of Mr. Perkins. I hope to see my responsibility liquidated soon."

The defendants contended that on this evidence they were entitled to a verdict by direction of the court; and the plaintiff claimed a right to go to the jury on the question of fact whether he gave to the defendants or to Charles F. Hinsdale the credit for the meat delivered after September 25.

The judge thereupon directed a verdict for the defendants ; and the plaintiff alleged exceptions.

*G. M. Stearns,* for the plaintiff, cited *Cahill* v. *Bigelow,* 18 Pick. 369 ; *Camelin* v. *Palmer Company,* 10 Allen, 539 ; *Thruston* v. *Thornton,* 1 Cush. 89.

*A. L. Soule,* for the defendants.

HOAR, J. The evidence was very strong that the contract of the defendants was a collateral undertaking, and so within the statute of frauds ; and would have fully warranted such a finding by the jury. But the plaintiff in one part of his testimony expressly stated that the sole credit was given by him to the defendants, and none to Charles F. Hinsdale ; and the letter written by one of the defendants to Mr. Beach, the attorney, has some semblance of an admission of an original and direct responsibility. Considering, therefore, that the evidence **was**

chiefly oral, not absolutely distinct in its terms, or consistent in its different parts ; and that its effect depends partly upon inferences to be drawn from it ; we think, on the whole, that it should have been submitted to the jury under proper instructions, to determine the question what the contract was, as a question of fact, and that the court should not have decided it. *Thruston* v. *Thornton,* 1 Cush. 89. *Exceptions sustained.*