WILLIAM R. FOSTER et al., Appellants, *v.* AMELIA M. C. PERSCH, Respondent.

Where an order of General Term reversing a judgment entered upon the report of a referee does not state that the reversal was upon questions of fact, unless some error of law appears in the case, the order cannot be sustained in this court; the evidence cannot be looked into here for the purpose of ascertaining whether the General Term should have reversed on the ground that the findings of fact were against the weight of evidence.

The fact that the vendor of goods charges them upon his books to an agent, instead of to the principal, although strong, is not conclusive evidence that the credit was given exclusively to the agent.

In an action against a married woman for goods sold, the referee found that the goods were purchased by defendant's husband as her agent; that she carried on the business, for the purposes of which they were purchased, and they were delivered to her; that they were charged to the husband by plaintiffs upon their books, but in so doing they did not intend to exonerate the defendant from liability; and as conclusion of law the referee found that defendant was liable. *Held,* that the findings did not show upon their face that the conclusion was erroneous; and, there being some evidence to sustain them, that an order reversing the judgment entered upon the referee's report, which did not state that the reversal was upon questions of fact, was error.

(Argued January 18, 1877; decided February 13, 1877.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, reversing a judgment in favor of plaintiffs entered upon the report of a referee.

This action was for goods sold.

The referee found, in substance, that at the time of the alleged sales defendant, a married woman, was carrying on the business of baking in the city of New York; that her husband, Frederick W. Persch, as her agent, bought of plaintiffs the goods in question, consisting of flour and groceries, informing plaintiffs at the time that he was buying as agent for defendant; that plaintiffs charged the goods upon their books to Mr. Persch, but in so charging them did not intend

to release defendant from liability therefor; that all of the goods were delivered to defendant.

And, as a conclusion of law, he found that plaintiffs were entitled to judgment for the amount due upon the purchases.

Further facts appear in the opinion.

*W. R. Foster, Jr.*, for the appellants. The fact that the goods were charged on plaintiffs' books to defendant's agent was not conclusive that the credit was given to the agent and not to defendant. (*Meeker* v. *Cleghorn*, 44 N. Y., 352; *James* v. *Spaulding*, 4 Gray, 451; *Butler* v. *Evg. Mail Assn.*, 61 N. Y., 634.)

*August Reymert* for the respondent. Defendant was discharged by the charging of the goods to her agent and receiving from him payments on account. (*Rankin* v. *De Forest*, 18 Barb., 143; Story on Agency, §§ 289, 431, 447; Paley on Agency, 244, 245; *Thomson* v. *Davenport*, 9 B. & C., 78; *Addison* v. *Grandasequi*, 4 Taunt., 574; *Hyde* v. *Wolff*, 4 Miller [La.], 234; *Rowan* v. *Buttman*, 1 Daly, 412.)

RAPALLO, J. The referee found in favor of the plaintiffs, and the judgment entered on his report was reversed at General Term. The order of the General Term does not state that the reversal was upon questions of fact, and it must therefore be deemed to have been upon questions of law only. Consequently, unless some error of law appears in the case, the order of the General Term cannot be sustained.

The referee found as facts that the goods in question, consisting of flour and groceries, were purchased of the plaintiffs by F. W. Persch, as agent of the defendant. That she conducted the business of baking, and that the goods were all delivered to her. The case contains evidence in support of all these findings. There was evidence that she recognized Persch as her agent in making purchases for her. That she carried on the bakery in Third avenue where the goods were sent. That, on being applied to by the plaintiffs for payment

of the bills for these goods, she promised to pay them, and that shortly after the last bill was sold she sold out the bakery, with the good will, trade and business and contents of the store, and executed a bill of sale of the same, and received the proceeds.

The facts thus proved and found were amply sufficient to establish her liability. The referee, however, found in addition that the plaintiffs, on their books, debited F. W. Persch with the goods, but that in so charging them to him they did not intend to exonerate the defendant from liability therefor.

This finding does not necessarily establish that the defendant was exempt from liability. Where goods are sold to an agent the legal presumption is that the credit is given to the principal, and entries on the books of the vendor charging the goods to the agent, though of much weight upon the question, are not conclusive evidence that the credit was given exclusively to him. (*Meeker* v. *Claghorn*, 44 N. Y., 352.)

In the form in which the case comes before us the only questions which we can determine are whether the facts found show upon their face that the referee's conclusion of law was erroneous, and whether any material fact found in favor of the plaintiffs was wholly unsupported by evidence. We cannot look into the evidence for the purpose of ascertaining whether the General Term should have reversed on the ground that the findings of fact were against the weight of the evidence. That inquiry can be entertained only when the order states that the reversal was upon questions of fact.

There being some evidence in support of all the findings and they failing to show upon their face that the referee's conclusion of law was erroneous, the order of the General Term must be reversed and the judgment on the report of the referee affirmed, with costs.

All concur.

Order reversed and judgment affirmed.