41   119
98   479

GEORGE W. LYON v. HARVEY W. CHAMBERLAIN AND SAMUEL CHAMBERLAIN.

*Business entries in evidence—Variance—Leading questions.*

A claim based upon defendant's alleged original liability as principal debtor will not sustain a recovery against him as guarantor.

Entries against a particular person on the plaintiff's business books are not conclusive evidence that some other person is not liable for the amounts charged, and they may be explained or contradicted by parol testimony.

The objection that questions were leading cannot be noticed in the Supreme Court if not brought upon the record; nor in general, if it is on the record.

Error to Allegan. Submitted April 24. Decided June 10.

ASSUMPSIT. Defendant brings error.

*Brown, Howard & Roos* for plaintiff in error. Recovery on a declaration for original indebtedness cannot be

had on a showing of a merely collateral debt, *Welch v. Marvin*, 36 Mich., 59; *Dixon v. Frazee*, 1 E. D. Smith, 34; *Norris v. Spencer*, 18 Me., 324; *Fowler v. MacDonald*, 4 Cr., 297; *Eddy v. Roberts*, 17 Ill., 505; *Graham v. O'Niel*, 2 Hall, 474; *Leonard v. Vredenburgh*, 8 Johns., 29; business entries show conclusively to whom credit was given, and cannot be contradicted by those who made them, *Matson v. Wharam* 2 Term R., 80; *Anderson v. Hayman*, 1 H. Bl., 120; *Leland v. Creyon*, 1 McCord, 100; Browne on Stat. of Frauds, 198; it is for the jury to determine to whom they meant to give credit, *Helm v. Cantrell*, 59 Ill., 525; *Oxford Iron Co. v. Spradley*, 51 Ala., 171; *Ballard v. Lockwood*, 1 Daly, 158; *Law v. Payson*, 32 Me., 521; *Palmer v. Pinkham*, 33 Me., 32; *Braman v. Bingham*, 26 N. Y., 490; *Lee v. Tinges*, 7 Md., 215; 1 Greenl. Ev., § 434; 2 Phillips' Ev., 746, n 1.

*Bronson Schoonmaker* for defendants in error.

GRAVES, J. The defendants in error were in trade together as grocers, and plaintiff in error and P. H. Page carried on certain manufacturing under the firm name of the "Plainwell Manufacturing Company." They employed one Kulp, and plaintiff in error, who seems to have been financial manager, gave him two written orders on defendants in error for such trade as he might call for up to thirty-five dollars. He traded the amount authorized. Afterwards Lyon agreed orally with defendants in error that they might furnish goods on his account to Kulp, to a certain amount per week, and they did so. What was incurred under the written orders and under this arrangement Lyon paid. But in the intervals between the trading out of the written orders and this arrangement for trading up to a specified sum per week, Kulp ran up an account which was not covered by either, and defendants in error, claiming that this trade was furnished on Lyon's oral request therefor, and his sole credit and express agreement to pay, brought

this action to recover the amount. The jury found in their favor and he alleges error.

The parties were ,sworn and their explanations of what occurred in regard to this dealing are contradictory. The defendants in error deposed in substance that Lyon requested them to furnish their goods at his cost, and in express terms promised to make payment, and that they supplied the goods to Kulp in compliance with such request and on the faith of such promise; and the plaintiff in error swore he never made any request or promise concerning the trade in question. In the progress of the case it was assumed that the clause in the statute against frauds relative to oral guaranties justified the agitation of certain questions and called for rulings. No substantial ground is perceived for such questions.

The case put forward by defendants in error charged Lyon with a distinct original liability as principal debtor, and they could recover on no other. They were bound to convince the jury that this case, so defined and identified by their oaths, was correct. Attaining this result they could claim a verdict. Failing therein, Lyon could claim it.

Without further reference to this aspect of the record, the points insisted on now will be briefly noticed. These goods appropriated to Kulp were entered in the book against his name, and the court allowed the Chamberlains to testify that they gave credit to Lyon. This is complained of. The objection is not valid. The entry in this way was not conclusive. It was as well open to explanation as a receipt. The inquiry was one of fact, and as the parties were competent witnesses and had personal knowledge, their testimony on the subject was not unlawful. The principle has been settled for a long time. The following cases, among others, afford illustrations: *Jewsbury v. Newbold*, 40 E. L. & E., 518; *Per-*

41 MICH.—16.

*kins v. Hinsdale*, 97 Mass., 157; *Chase v. Day*, 17 Johns., 114; *Foster v. Persch*, 68 N. Y., 400; *Meeker v. Claghorn*, 44 N. Y., 349; *Butler v. Evening Mail Ass'n.*, 61 N. Y., 634; *Lee v. Wheeler*, 11 Gray, 236; *Com. v. Jeffries*, 7 Allen, 548; *Briscoe v. Eckley*, 35 Mich., 112, and cases.

It is further observed that the questions were leading and hence improper in point of form. In general no such objection can be regarded here, though brought upon the record, and when that is not done, of course it can not be noticed. It was not done in this case.

The judge was desired to charge that "under the evidence of the plaintiffs themselves that the goods were charged to Kulp, not by accident or mistake, but knowingly and deliberately, the jury should return a verdict for defendant." The refusal of this request is urged as error. We cannot assent to this view.

The main question contested was whether the goods were or were not furnished on Lyon's previous request and sole credit, and the evidence was conflicting and the circumstances were open to different interpretations. The entry of the articles against Kulp's name was a weighty fact against the claim of defendants in error, but it was not conclusive. It was a fact the jury were entitled to consider in connection with the explanations and other items of evidence, and it was not for the court to ascribe a meaning or conclusion one way and require the jury to accept it. See cases cited.

The charge was quite as favorable to the plaintiff in error as the case warranted, and it is by no means certain that it did not err on that side.

In finding their verdict under it, the jury must have determined that the goods were furnished on Lyon's previous request and sole credit, and on his absolute and unconditional promise to pay. In other words they must have found the case set up by defendants in error to be true and the denials and explanations of plaintiff in error to be untrue.

If fault was committed against him it was not by the judge. What has been said disposes of all the points insisted on.

The judgment must be affirmed with costs.

The other Justices concurred.