## McBRIDE & COMPANY *vs.* LATHAM.

1. Though a nonsuit be improperly awarded, yet if the judgment of nonsuit be unexcepted to, it cannot be reversed on writ of error.
2. If after a judgment of nonsuit a motion be made upon specific grounds to reinstate the case, and none of the grounds be sufficient, a judgment denying the motion cannot be reversed, although, had another ground been presented, the motion to reinstate might have been well-founded.
3. The motion in this case does not make the question of ambiguity in the evidence, or of the right of the jury to construe it.

   October 11, 1887.

Nonsuit. Practice in Supreme Court. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

Reported in the decision.

MAYSON & HILL, for plaintiffs in error.

T. P. WESTMORELAND, for defendant.

BLECKLEY, Chief Justice.

The account sued on was for the price of goods sold on four days within a period of three weeks. The evidence was, that the clerk of plaintiffs below sold the goods to de-fendant; that a verbal order in the name of defendant was taken from a third person; that before delivery, de-fendant said to the clerk it was all right, that he was back-ing the person who gave the order, would see it paid, and if that person did not pay, he would; whereupon, delivery was made to the third person; that the clerk tried to get a written order from defendant, but he would not give it; that the goods were charged to defendant *per* the third person, but the bill was first presented to the latter at de-fendant's store, and several times thereafter, and once when it was presented, he offered to return some of the goods, the rest having been sold; that defendant, speaking of the bill, once said he would pay for all the goods ordered the first day (more than half the account) and offered to give a check for that much, but denied the balance. Upon the face of the account appears a credit for about twenty-four per cent. of the total, the same being a partial pay-ment made by the third person, whose name was McGuirk.

We should have thought this evidence sufficient to sub-mit the case to the jury for them to determine (under ap-propriate instructions as to the distinction between original and collateral undertakings) whether, according to the true intention, understanding and agreement of the parties, the defendant's promise was original or only collateral. Perkins *vs.* Hinsdale, 97 Mass. 157; Throop on Verbal Agreements, §180 to §188. In *McGaughey vs. Latham*, 63 *Ga.* 67, it appeared on the face of the account, and in the plaintiff's declaration, that the effort was to charge the defendant, not as a principal debtor, but as a "security.'

And the partial payment in that case was relied on, not as tending to show that the promise of the defendant was out of the statute originally, but to take it out as an act of part performance. Here, on the contrary, the defendant is sued as sole and original promissor; and his offer to pay a part of the account, the bill being against him alone, is adduced not to take the case out of the statute, but as a circumstance tending to show what his real undertaking was in the beginning. The offer to pay is referable either to a legal or a moral obligation, and is thus ambiguous. The whole evidence, taken together, leaves room for inference, and usually the function of drawing inferences belongs to the jury.

1. The court, however, granted a nonsuit, and in the present bill of exceptions there is no direct exception to that ruling. Though a nonsuit be improperly awarded, yet if the judgment of nonsuit be unexcepted to, it cannot be reversed on writ of error.

2. A motion was made to reinstate the case, and the denial of that motion is the occasion of this writ of error. Whether the motion ought to have been granted depends on the grounds set forth in it, and their legal sufficiency. Of course there was no adjudication below, and can be none here, of any grounds not embraced in the pleading on which the hearing was had. The brief of evidence (and the evidence is here only by brief; there is none in the bill of exceptions) must be construed and applied to the case as the parties thought proper to shape it.

If after a judgment of nonsuit a motion be made upon specific grounds to reinstate the case, and none of the grounds be sufficient, a judgment denying the motion cannot be reversed, although, had another ground been presented, the motion to reinstate might have been well founded. *Shipley vs. Eiswald,* 54 *Ga.* 520.

3. The motion, as we find it in the record, contains one ground split into four specific propositions, or four grounds rooted in one generic proposition. It says the evidence

shows, "1st, that the defendant, Latham, was the principal of McGuirk; 2d, that the bill, when presented, was acknowledged as ordered, and correct in part; 3d, that Latham's promise was not collateral but original; 4th, the evidence of McGuirk shows that it [was] Latham's, it being error to exclude it."

We cannot reverse the court for not ruling affirmatively on these propositions or any of them. The last we wholly fail to understand, as it does not appear that McGuirk was a witness, or that any of his evidence was excluded. The motion, in the first three specifications seems to call on the court to construe the evidence as proving so and so, and did we reverse the decision, we would thereby hold that it does prove so and so. This we cannot do, for we are not quite sure what it does prove. It is ambiguous. The jury might infer these conclusions from the evidence, but we think the court could not, and therefore it was not error to decline. The motion wholly fails to make the question of ambiguity in the evidence, or of the right of the jury to construe it.

Judgment affirmed.