JAMES W. CHURCH v. JOHN DAVIS & CO. (A CORPORATION.)

*Trial—Leading questions—Evidence—Harmless error.*

1. In general, an objection to questions as leading will not be regarded, though brought upon the record, and, when that is not done, such objection cannot be noticed; citing *Lyon v. Chamberlain,* 41 Mich. 119.

2. A traveling salesman claimed to recover a monthly salary and his expenses under an agreement with his employer, who denied agreeing to pay the expenses while plaintiff was at head-quarters. And it is held that there was no abuse of discretion in permitting plaintiff to answer the question whether any other arrangement was ever made about the home expenses than the first agreement, that they should be paid by the defendant.

3. Where a question is objected to, and remains unanswered, and the Court are unable to see that the cause of the objecting party was in any way prejudiced by permitting the question to be put, such permission will not be held prejudicial error.

Error to Wayne.     (Brevòort, J.)     Argued October 26, 1892.     Decided November 18, 1892.

*Assumpsit.*     Defendant brings error.     Affirmed.     The facts are stated in the opinion.

*James H. McDonald,* for appellant.

*W. F. Atkinson,* for plaintiff.

MONTGOMERY, J.     The plaintiff is a traveling salesman, and, prior to the year 1888, had been in the employ of defendant for several years.     The parties had a disagreement in 1887, and the plaintiff left defendant's employ. About the 1st of January, 1888, he was re-engaged, and continued to work for defendant during the year 1888. This action is brought to recover a balance of $300, claimed to be due him.     Under the agreement for re-employment, his right depended upon the question of what the terms of this agreement were.     The plaintiff testified that the defendant agreed to pay him $100 per month and expenses, at all events, and, in case he succeeded in increasing his sales over those of former years, he should receive $300 in addition at the close of the year.     The defendant disputed the plaintiff's testimony, and asserted that the agreement was that it would pay for plaintiff's services $100 per month, and, further, that, if his services were satisfactory, it would do what was right by him at the end of the year, and that plaintiff undertook to abide by defendant's decision as to what was fair and right; and the defendant's manager testified that the plaintiff's services were not satisfactory, and that there was not, therefore, any sum due him, he having received the $100 per month.     The jury found for the plaintiff, and defendant brings error.

1. It is assigned as error that plaintiff's counsel persisted in putting leading questions to the plaintiff when

on the stand. The only question which plaintiff's counsel put to the witness, and which was objected to on this ground, was the following:

"Was there ever any other arrangement made about the Detroit expenses than the first agreement that he should pay?"

This was answered in the negative. There was no abuse of discretion in permitting this question to be answered. *Lyon v. Chamberlain*, 41 Mich. 119.[1]

2. Some testimony was given relating to the circumstances under which plaintiff left defendant's employ in the year 1887, and one of the defendant's officers offered to testify as to what he told his book-keeper. The circuit judge correctly ruled that this was not competent. The question was not accompanied by any proposition to show that the statement was afterwards communicated to the plaintiff; but, if it had been, the error would have been harmless. Both parties had testified to a disagreement in the year 1887. There was no dispute about it, and the only important fact connected with it was that plaintiff had left the employ of defendant, and therefore there was occasion for the re-employment.

3. When the defendant's manager was on the stand it appeared that he produced certain letters, claimed to have been received from customers, containing complaints against plaintiff, which letters were offered, but, on objection of plaintiff's counsel, withdrawn. Complaint was made that plaintiff's counsel was permitted to cross-examine the witness on the subject of these letters, but the only question to which specific objection is made remained unanswered, and we cannot see that the defendant's cause was in any way prejudiced by permitting the question to be put.

4. Complaint is made of a portion of the charge to the jury, wherein the circuit judge said:

---

[1] See *Badder v. Keefer*, 91 Mich. 612.

"It is admitted on both sides that Mr. Church worked there a number of years. It is admitted that in August or September before he was at some city in an adjoining state; that he wrote he wanted to lay off; and he had a lay-off up until the first of the next year. That you need not consider as material in this case, because it cuts no figure in the case. He was away some three or four months, and then came back. The whole question rests on the evidence given here, and the law I have given you here, as to what was the contract."

Only a portion of this is excepted to, but we state all that was said in that connection, which demonstrates, as we think, that there was no error in the portion of the charge complained of. What was said to the jury was, in effect, no more than saying that the decision must turn upon the question of what was in fact the agreement of 1888, which was, as we view it, the sole question in the case.

We find no error in the record, and the judgment will be affirmed, with costs.

The other Justices concurred.