[S. F. No. 8413.   In Bank.—February 23, 1918.]

## HAROLD L. WRIGHT, Respondent, v. W. Y. LOAIZA et al., Defendants; DOLORES LOAIZA, Appellant.

STATUTE OF LIMITATIONS—OPEN BOOK ACCOUNT—DEFINED.—Entries in a book kept by an undertaker of a charge of $615.30 against the brother of a deceased person, for the expenses of the funeral of the latter did not, as against a third person, a sister of the decedent, constitute an open book account, or a book account at all within the meaning of subdivision 2 of section 337 of the Code of Civil Procedure, which before its amendment in 1917 (Stats. 1917, p. 299), fixed a four-year period of limitation for an action to recover a "balance due . . . upon an open book account," although the sister had authorized the brother against whom the charge was entered, to make the funeral arrangements, and had stated orally that she would pay all the charges over $150, and this fact had been communicated to the undertaker, and the brother against whom the charge was entered had in fact paid $150 on account of the charge.

ID.—ACTION BARRED BY TWO-YEAR PERIOD.—In such case the cause of action was barred by the two-year period fixed for oral contracts by subdivision 1 of section 339 of the Code of Civil Procedure.

WORDS AND PHRASES—"BOOK ACCOUNT" DEFINED.—A book account is defined as a "detailed statement kept in a book, in the nature of debit and credit, arising out of contract, or some fiduciary relation," and a necessary element is that the book shall show against whom and in whose favor the charges are made.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. W. R. Guy, Judge.

The facts are stated in the opinion of the court.

Leon E. Morris, for Appellant.

T. A. Perkins, for Respondent.

SLOSS, J.—This action was brought against W. Y. Loaiza and Dolores Loaiza, brother and sister, to recover a balance of $465.30 claimed to be due to N. Gray and Company, a corporation, plaintiff's assignor, for materials furnished and services rendered in connection with the funeral of a deceased brother of the defendants. The total amount of the bill was $615.30. The arrangements for the funeral were made by W. Y. Loaiza, who acted for himself and his sister, Dolores. The sister had authorized him so to do, stating that she would pay all of the charge over $150. These facts were communicated to N. Gray and Company at the time the order was given. Subsequently W. Y. Loaiza paid $150 on account of the charge.

The court gave judgment against the defendant Dolores for the balance of $465.30, and she takes this appeal.

By her answer the appellant pleaded the bar of section 339 of subdivision 1 of the Code of Civil Procedure. The only question is whether the court's finding against this plea is sustained by the evidence.

More than two years elapsed between the accrual of the liability and the commencement of the action. The contract was not in writing, and the action was therefore barred unless it may be viewed as governed by subdivision 2 of section 337. Before its recent amendment (Stats. 1917, p. 299), that subdivision fixed a four-year period of limitation for actions "to recover a balance due upon a mutual, open and current account or upon an open book-account." The view of the court below was that the action was one upon an open book account.

About the time of the rendition of the services, N. Gray and Company made an entry of the agreed amount in a book designated as "Funeral Record." The charge was made against W. Y. Loaiza, and the subsequent payments made by him were credited on this account. Appellant's name did not appear in any form on the books of plaintiff's assignor. The briefs discuss at some length the question whether entries so made constitute an *open* book account. We need not go into this, since we are satisfied that, so far as the appellant is concerned, the action cannot be regarded as one upon a book account at all. A book account is defined as "a detailed statement, kept in a book, in the nature

of debit and credit, arising out of contract or some fiduciary relation.'' (1 C. J. 597.) A necessary element is that the book shall show against whom and in whose favor the charges are made. (1 C. J. 598.) We do not see how book entries of charges against, and credits in favor of, A alone, can be said to constitute a book account against B, within the meaning, at least, of section 337. It may fairly be assumed that the idea underlying the enactment of both subdivisions of this section was that a longer period of limitation might well be allowed where the existence of the claim sued upon was supported by some kind of written evidence. Where, on the other hand, the establishment of the contract rests on oral testimony only, the law requires the action to be brought before the lapse of time may prevent the production of witnesses, or impair their memories. If this view be correct, the action against Dolores must be regarded as one upon an oral contract, and not one upon a book account. There is no account or other writing which in any way indicates her liability. To connect her with the transactions at all, resort must be had to parol testimony. Decisions from other jurisdictions are cited in the briefs on both sides. But these cases deal with an entirely different subject matter, and they throw no light on the question before us.

We conclude, therefore, that the evidence does not support the finding against the defendant's plea that the action was barred.

The judgment is reversed.

Shaw, J., Melvin, J., Wilbur, J., and Angellotti, C. J., concurred.

RICHARDS, J., *pro tem.*, Dissenting.—I dissent.

The facts of the case are correctly set forth in the main opinion. In our view, however, the only question in the case is as to whether the entries made in the books of the plaintiff's assignor constitute an open book account as to the defendant Dolores Loaiza.

The account sued upon has all the elements of a book account according to the definition of that term. It was entered in a book; it was a detailed statement in the nature of debit and credit, arising out of a contract; it contained the names of a creditor and debtor; so far as the defendant

W. Y. Loaiza is concerned, it is undeniable that it was a book account; and since W. Y. Loaiza made payments which from time to time were credited upon it, it was as to him an open book account. (*Mercantile Trust Co.* v. *Doe,* 26 Cal. App. 246, [146 Pac. 692].) Was it also a book account as to his sister Dolores Loaiza? The evidence showing the authorization of W. Y. Loaiza as the agent of Dolores Loaiza to incur the indebtedness, and hence, of necessity, to create the account, is undisputed. In ordering the goods in question W. Y. Loaiza acted in the dual capacity of a principal and of an agent for his sister, Dolores Loaiza, and was so understood to be acting by the creditor at the time of the creation of the account. This being so, his name upon the creditor's books represents both his principalship and his agency, as fully as though the name of his principal had been inserted. The authorities are in practical uniformity upon the proposition that an action may be brought against the principal upon an account for goods charged upon the books of a creditor to the agent, and that, in this respect, book accounts and simple contracts in writing made in the name of an agent stand upon the same footing. (1 Mechem on Agency, sec. 1424; 2 Id., sec. 2055; 1 Clark & Skyles on Agency, sec. 458.) In Mechem on Agency, section 2055, *supra,* it is stated that "the cases are very numerous in which orders, proposals and informal contracts of all kinds, though nominally in the name of the agent, are really an account of the principal. In such cases the principal is liable, and he may also sue." In Clark & Skyles on Agency, section 458, it is stated to be the rule that a principal may be sued on a contract made in the name of his agent, and that this rule applies not only to oral contracts, but to all simple contracts in writing, and parol evidence is admissible to show that a person executing a written contract in his own name, did so in fact as the agent of an undisclosed principal. The text of the foregoing authorities is founded in part upon the following cases, in each of which the action was against the principal upon an account standing in the name of the agent: *Meeker* v. *Cleghorn,* 44 N. Y. 349; *Foster* v. *Persch,* 68 N. Y. 400; *Dyer* v. *Swift,* 154 Mass. 159, [28 N. E. 8]; *Gardner* v. *Bean,* 124 Mass. 347; *Lyon* v. *Chamberlain,* 41 Mich. 119, [1 N. W. 983]; *Byington* v. *Simpson,* 134 Mass. 169, [45 Am. Rep. 314]. In the case last above cited, which was an action to recover a balance

due upon a building contract, in the name of an agent, the court says, "that a party not mentioned in a simple contract in writing may be charged as a principal upon oral evidence even where the writing gives no indication of an intent to bind any other person than the signer, is as well settled as any part of the law of evidence."

In an action either upon a book account or upon a written contract, the book in the one case, and the writing in the other, are merely the evidence of the transaction, and no distinction can be drawn as to their admissibility in evidence when the fact of the agency is shown. Had this action been brought within the period of the two-year limitation, to recover upon the original account, there would seem to be no question upon the strength of the foregoing authorities as to the right of the creditor to recover against Dolores Loaiza upon this account, standing as it did in the name of her agent, W. Y. Loaiza, after proof of his agency. This action, however, was brought to recover a balance due upon said account after the two-year period of limitation for actions upon simple accounts had expired. The defense of Dolores Loaiza is the statute of limitations. The respondent's answer to this defense is that the account had become an open book account by reason of payments made thereon by W. Y. Loaiza prior to the commencement of this action, and hence that this action, being one to recover the balance due upon an open book account, the period as to it is four years, as provided in subdivision 2 of section 337 of the Code of Civil Procedure, as said section and subdivision read at the time this action was begun. It must be admitted that this action has become an open book account as to W. Y. Loaiza, by virtue of his payments thereon. (*Mercantile Trust Co.* v. *Doe,* 26 Cal. App. 246, [146 Pac. 692].) Why has it not also become an open book account as to his principal, Dolores Loaiza, for a like reason? The same reasons and the same authorities which would render this a book account against Dolores Loaiza, under the name of her agent, W. Y. Loaiza, would render it an open book account against her, if by the payments thereon it had become an open book account against him. It is true the payments were not made by her, but they were made by her coprincipal upon this account, and were made for her benefit and in order to re-

duce, as they did reduce, the amount of her liability thereon. Having thus received the full benefit of these payments made by her coprincipal, who was also her agent upon this account, and which had the effect of keeping the account open as to him, is she in a position to claim that it was closed as to her so as to entitle her to plead the two-year limitation as her sole defense to this action? There would seem to be neither reason nor justice behind such a contention.

The judgment should be affirmed.

Victor E. Shaw, J., *pro tem.*, concurred.