[Civ. No. 2501. Third Appellate District.—June 12, 1923.]

## J. W. SHANKLIN, Respondent, v. O. SCRIBNER et al., Appellants.

[1] CORPORATIONS—PRIOR DEBTS—STOCKHOLDER'S LIABILITY.—The fact that a person acquires a part or all of the capital stock of a corporation does not make him liable as a stockholder for its past debts, but liability therefor rests upon the person who owned the stock at the time the debts were contracted.

[2] ACCOUNTS—OPEN BOOK ACCOUNT—SALARY INDEBTEDNESS.—An account kept by a corporation wherein it is charged with an employee's salary from month to month and is credited with payments thereon as made from time to time, there being a number of such credits, is an open book account, and it is immaterial that such account is that of the corporation rather than of the employee.

[3] ID.—SUIT AGAINST CORPORATION—BOOKS KEPT IN OTHER NAME.— A corporation may be sued on an open book account, based upon the accounts kept by it, notwithstanding such accounts are not kept

in its own name, but in the name under which the business was conducted prior to its incorporation.

[4] ID. — LAST ENTRY — STATUTE OF LIMITATIONS. — The last payment made and entered on the account kept by the corporation defendant having been within four months of the time the action was commenced, no part of plaintiff's cause of action was barred by the statute of limitations.

[5] ID.—ACTION TO RECOVER COMPENSATION—AMENDMENT TO CONFORM TO PROOF.—In an action to recover compensation for services rendered, it is not error to permit plaintiff to amend to conform to the proof by alleging that the sum sued for was a balance due upon an open book account, where the indebtedness so alleged is the same indebtedness which was specifically set forth in the original complaint, and the account-book was produced at the trial and the items of the account read therefrom in evidence.

APPEAL from a judgment of the Superior Court of El Dorado County. Charles O. Busick, Judge Presiding. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

J. W. Dorsey and W. E. Cashman for Appellants.

E. Fitzgerald and T. A. Farrell for Respondent.

FINCH, P. J.—Plaintiff was given judgment against defendants Scribner and Diamond Ridge Water Company and such defendants have appealed.

The third amended complaint, on which the action was tried, alleges that in August, 1911, defendants Scribner, Bills, and Patton "owned and were copartners in the Cosumnes water rights and Diamond Ridge Water Ditches in El Dorado County, California, which said water rights and ditches furnished water for irrigation and mining purposes"; that the Diamond Ridge Water Company was incorporated March 5, 1916, and in that month acquired the property described, and has thereafter operated and controlled the same; that in August, 1911, Scribner, Bills, and Patton employed plaintiff as an office employee and that plaintiff performed services as such from September 1,

---

4. What constitutes an open current account within the statute of limitations, note, 1 A. L. R. 1060.

1911, to the time when the corporation defendant took over the properties and that at that time the corporation assumed and promised to pay plaintiff the balance due for his services under such employment by the individual defendants and has since paid him all, or nearly all, thereof; that at that time the corporation employed plaintiff in the same capacity and that plaintiff continued in such employment from March 6, 1916, to January 1, 1920; that plaintiff's agreed salary was $150 a month up to January 1, 1912; $50 a month thereafter until January 1, 1918, and $25 a month after that date; and that there remained a balance of $1,738.50 due plaintiff January 1, 1920. The original complaint was filed January 7, 1920, and the third amended complaint was filed June 30, 1920.

Scribner and the corporation demurred to the complaint on the grounds, among others, of misjoinder of parties defendant, misjoinder of causes of action, and that any sum in excess of $600 was barred by section 339 of the Code of Civil Procedure. Their demurrer was overruled and they thereupon filed separate answers, each denying the existence at any time of the alleged copartnership, the employment of plaintiff, the performance by him of the alleged services or that defendants were indebted to him and alleging that he had been fully paid and pleading the statute of limitations. The corporation filed a counterclaim of $1,125, alleged to be due defendant corporation from plaintiff for office rent.

After the evidence was closed the court permitted plaintiff to file amendments to his complaint to conform to the evidence, alleging that Scribner "is the sole owner of all of the stock of the defendant corporation"; setting up a second cause of action for $1,738.50 for services performed for defendants at their request; and a third cause of action alleging: "That upon the 1st day of January, 1920, the defendants were and now are indebted to the plaintiff upon an open book account for labor and services as an office employee, rendered to defendants by plaintiff at defendants' request, upon which there is due a balance to plaintiff from the defendants of the sum of" $1,738.50.

The court found all the allegations of the complaint and the amendments thereto to be true, except that Bills and Patton had no interest in the corporation, and that all the

allegations of defendants' answers· and counterclaim were untrue.

Plaintiff testified that he was employed and his compensation agreed upon as alleged in the complaint. Patton's testimony tends strongly to corroborate that of plaintiff. Scribner testified that the corporation assumed the indebtedness of the individual defendants to plaintiff for the alleged services performed prior to the organization of the corporation, amounting to $1,591, and included the same in the statement of indebtedness filed with the Railroad Commission at the time of the organization of the corporation. The evidence relative to plaintiff's employment and the balance remaining unpaid on account of his services is without substantial conflict. It is true that Scribner, who was president of the corporation, testified that he instructed Patton, the resident manager thereof, to dispense with plaintiff's services after the corporation was formed, but plaintiff was not informed of such instruction and he continued in the discharge of his duties as such employee, a fact which Scribner must be presumed to have known and which the evidence fairly shows he did know. The services were performed under the immediate supervision of Patton, who had full charge as resident manager and full authority to employ and discharge men. Scribner testified that he had "never gone over Mr. Patton's head yet to deal directly with the employees."

If it be conceded that there was a misjoinder of parties defendant, the substantial rights of the corporation were not prejudiced by the overruling of the demurrer, because it was under legal obligation to pay the whole amount due plaintiff. The fact that other persons were made defendants could not affect that obligation in any manner.

The judgment against Scribner is erroneous. He was not sued on his liability as a stockholder and, if he had been, such liability did not extend to the whole indebtedness. The evidence shows without conflict that he owned fifty-one per cent of the capital stock for about the first two years of the life of the corporation and all thereof thereafter. A stockholder "is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him at the time the

debt or liability was incurred bears to the whole of the subscribed capital stock or shares of the corporation.'' (Civ. Code, sec. 322.) **[1]** The fact that a person acquires a part or all of the capital stock of a corporation does not make him liable as a stockholder for its past debts, but liability therefor rests upon the person who owned the stock at the time the debts were contracted. If Scribner was individually liable at all under the pleadings, it was for the small sum remaining unpaid, at the time the action was brought, on the indebtedness of the individual defendants and which the corporation had agreed to pay.

**[2]** Appellants contend that the account sued on, as set forth in the amendment to conform to the evidence, and as shown by the evidence, is not an open book account. The book which contained the corporation accounts was produced at the trial. In the account therein with plaintiff, the corporation was charged with plaintiff's salary from month to month and credited with payments thereon as made from time to time, there being several such credits during every year up to January 1, 1920, the last being of date September 12, 1919. That such an account is an open book account is well settled. (1 C. J. 597; 1 R. C. L. 207; *Furlow P. B. Co.* v. *Balboa L. & W. Co.,* 186 Cal. 754 [200 Pac. 625]; *Wright* v. *Loaiza,* 177 Cal. 605 [171 Pac. 311]; *George Rice & Sons* v. *Cowan,* 46 Cal. App. 225 [189 Pac. 132]; *Mercantile Trust Co.* v. *Doe,* 26 Cal. App. 246 [146 Pac. 692].) It is immaterial that the book account sued on was that of defendant corporation rather than of the plaintiff. (*Millet* v. *Bradbury,* 109 Cal. 170, 173 [41 Pac. 865].)

**[3]** The business was conducted under the name ''Diamond Ridge Ditches'' up to the time the corporation was formed. Thereafter the accounts were continued under the name ''Diamond Ridge Ditches'' as before. Appellant contends that, even if the account was an open book account with Diamond Ridge Ditches, it was not such an account with defendant corporation, relying upon the case of *Wright* v. *Loaiza, supra.* That case and this are not analogous. In that case the plaintiff sued upon an account kept by him with a person other than the defendant. A case more nearly in point is that of *Furlow P. B. Co.* v. *Balboa L. & W. Co., supra,* where it was held that an open book account in the name of one partner for partnership purposes was such an

account as to his copartners within the meaning of the statute of limitations. It would be a startling rule which would permit a corporation to shorten the period of the statute of limitations in its own favor by keeping its books under a name other than its own.

[4] No part of the cause of action was barred. The last payment on the account was made September 12, 1919, within four months of the time the action was commenced. "Payment made and entered upon the open book account tolls the statute." (*Furlow P. B. Co.* v. *Balboa L. & W. Co., supra.*)

[5] It is argued that the court erred in permitting plaintiff to amend to conform to the proofs by alleging that the sum sued for was a balance due upon an open book account. The indebtedness so alleged was the same indebtedness which was specifically set forth in the original and the third amended complaints. The account-book was produced at the trial and the items of the account read therefrom in evidence. It does not appear how any dispute relative thereto could arise or in what manner the corporation's rights were prejudiced by the fact that the averment of an open book account was made after the trial rather than before. The evidence clearly shows that the plaintiff performed all the services required of him, under an express contract, at an agreed compensation, and the judgment awards him the balance of such compensation remaining unpaid and is a just judgment against the corporation.

The judgment against the defendant corporation is affirmed and that against the defendant Scribner is reversed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 9, 1923.