[Civ. No. 6825. Second Appellate District, Division Two.—July 22, 1931.]

J. C. ARGUE, Respondent, v. MONTE REGIO CORPORATION (a Corporation), Appellant.

R. J. Welch, Jr., for Appellant.

Faries & Williamson for Respondent.

ARCHBALD, J., *pro tem.*—Plaintiff, assignee of a copartnership, filed his complaint on August 14, 1928, stating two causes of action against defendant corporation and others, the first for an indebtedness of $1,000 on an open book account for legal services rendered by plaintiff's assignor, and the second an account stated for the same services and amount. The defendant Monte Regio Corporation filed its answer and the case was tried against such defendant alone on the issues raised by said complaint and answer. The second cause of action was expressly abandoned by plaintiff during the course of the trial. The case was tried before a jury, which returned a verdict in favor of plaintiff for said sum of $1,000, and from the judgment entered thereon the answering defendant has appealed.

Appellant urges (1) that there is no evidence to establish an open book account, and (2) that the court erred in its instructions to the jury. .

The book account consisted of three items. Two items under the dates January 21 and May 8, 1926, aggregated $3.10, one representing the cost of a telegram and the other notary public fees. The third item, under date February 10, 1927, is for "services rendered in connection with proposal to create a bonded indebtedness, preparation of Articles of Incorporation Monterey Golf Club and numerous conferences in connection therewith", and opposite such explanation, on the debit side of the ledger, is the entry "$1000". The account was charged to "Romie C. Jacks, President of the Monte Regio Corporation, Monterey, California". The witness during the giving of whose testimony the account was introduced in evidence was one of plaintiff's assignors. He frankly stated that the last item was dictated by him on the date it bears. Prior to the introduction of said account plaintiff had examined the president of the defendant corporation under section 2055 of the Code of Civil Procedure, as well as another of plaintiff's assignors, relative to the services rendered for the corporation, as he had a right to do, "the oral evidence of persons having personal knowledge of the transactions" being "the best evidence of the items" where they are not the result of a written contract, as they were not here. (*Cowdery* v. *McChesney*, 124 Cal. 363, 365 [57 Pac. 221]; *Edwards* v. *California S. P. Corp.*, 104 Cal. App. 715, 720 [286 Pac. 733].) All of the testimony regarding the account is found in less than three of the 351 pages of the reporter's transcript on appeal. Appellant made no objection to the introduction of the account nor to any of its items, nor was the statute of limitations pleaded as a defense.

The charging part of the complaint, so far as material, is: "That within four years last past . . . the defendants . . . became indebted in the sum of One Thousand Dollars ($1,000.00) to said copartnership, on an open book account for services rendered as attorneys at law to said defendants, and each of them, and at the special instance and request of and for the benefit of the defendants and each of them." The answer of defendant Monte Regio Corporation to said charge is as follows: "Denies that within four years last past or at any other time or at all . . . this defendant became indebted in the sum of One Thousand ($1000) Dollars, or any other sum or amount, to said copartnership, on an open book account for services rendered by said copartnership as

attorney at law for this defendant, or in any other manner whatsoever, either at the special instance and/or request of and/or for the benefit of the said defendants and each of them or otherwise or in any manner or at all.'' It was defendant's theory throughout the trial, and evidence was offered tending to show, that the services rendered were for the benefit of John S. Mitchell Company, a corporation for which plaintiff's assignors were attorneys, which company had contracted to float a bond issue to be secured by the properties of defendant corporation, to enable the latter to do some necessary financing.

■ (1) Appellant contends that the account proved was not against the defendant corporation but againt Romie C. Jacks, its president, and cites as authority the case of *Wright* v. *Loaiza*, 177 Cal. 605 [171 Pac. 311], in which case the account introduced did not disclose the defendant's name in any form and it was attempted to charge the sister of the man in whose name the account appeared, after two years (the then period of limitation) had expired. It was there held that the action could not be maintained against the sister, although she had authorized her brother to incur the indebtedness represented, for the reason that the open book account was not a charge against her, and her authorization being oral it could not be proved under the circumstances. We think the case of *Furlow Pressed Brick Co.* v. *Balboa Land & Water Co.*, 186 Cal. 754 [200 Pac. 625], is more applicable here. There the defendant, a partnership, was held liable on an account charged to one of the partners. The court said in that regard, on page 765 of its opinion: ''The only question involved here is whether the account in question is an open book account upon which the statute of limitations does not run for four years against the other partners where the partnership account is inadvertently or, as a matter of convenience, charged to one partner only. The reasons leading to a decision in *Wright* v. *Loaiza, supra,* as to the proof by parol of an agency to enter into the account do not apply. Here the fact of the partnership may be readily proven, and the circumstances showing the nature of the indebtedness are readily susceptible of proof and do not usually depend solely upon parol evidence as to the nature of the transaction. It was clearly proper to show that the indebtedness was a partnership one, and the fact

that it was charged on the plaintiff's books to one of the partners was sufficient to constitute it a book account within the meaning of our code.'' In the instant case the name of the corporation appears in the account, and the evidence shows that the corporation passed a resolution authorizing the creation of a bonded indebtedness and that plaintiff's assignors were employed to attend to the legal work preliminary thereto. The work was done for the defendant corporation, and the president thereof would seem to be impliedly authorized by such resolution to carry it into effect by employing counsel for the company for that purpose. (*Woods Lumber Co.* v. *Moore,* 183 Cal. 497 [11 A. L. R. 549, 191 Pac. 905]. See, also, *Goodrich* v. *Drew,* 10 Vt. 137.)

Appellant also urges that one essential of an open book account is that the items be entered contemporaneously with the transactions to which the same relate. There would seem to be no question but that the item complained of here was not so entered, nor indeed for several months after the services ''lumped'' together in the item were rendered. However, the same defect could be urged against any such charge, even if entered on the day following the rendition of the last services. There is no question as to the law on this point where objection is made to the introduction of such an account. In the case of *Chandler* v. *Robinett,* 21 Cal. App. 333 [131 Pac. 891], relied on by appellant, it was held that the lower court erred in admitting such an account in evidence ''over the objection of defendant''. It would seem, though, in the absence of an objection, that such an entry would go to the weight to be given to the account as well as its credibility as evidence, rather than to the fact of whether or not it is an open book account. It still remains a book account regardless of the fact that an entry was not made until some time after the matter charged accrued, or regardless of the fact that many matters have been lumped together in one item. In the case of *Baumgardner* v. *Burnham,* 10 W. N. Cas. (Pa.) 445, the question came before the Supreme Court of Pennsylvania in a case where an account was introduced in an action of *assumpsit,* to prove the amount of repairs made on an engine. The labor items, which were a large part of the cost, were all ''lump'' charges. A general objection to the introduction of the book was made and overruled. No evidence was introduced by

plaintiff other than the account and the testimony of the bookkeeper connected with such introduction. The defendant offered no evidence. On appeal the court in affirming the judgment for the amount of the account said "Had the objection in the court below have been specially to the lumping charges for labor, it would have been error to have admitted them. But the objection was to the books generally, and improper entries are not sufficient to exclude the whole, in which there were many entries entirely regular. Had the whole been rejected the court could not have been convicted of error, for though the admission of the particular items was not objected to, still they were offered with the others, and if any part of an offer is inadequate the rejection cannot be assigned for error. But where the evidence was admitted then the record must show affirmatively that the inadmissible part was specially objected to, and brought to the notice of the judge." We think the reasoning there applies equally here, where no objection either to the account as a whole or to the objectionable item was made, and even though the account consists of only three items, two of which though not objectionable were for a small amount only and the objectionable item was practically the amount sued for. That case was referred to in *Corr* v. *Sellers,* 100 Pa. St. 169 [45 Am. Rep. 370], where in mentioning the cases the court said "in *Baumgardner* v. *Burnham,* 10 W. N. Cas. (Pa.) 445, it is again held that lumping charges for labor are not admissible where specially objected to. In that case the error was cured by reason of the objection not having been so made." In the present case we are of the opinion that there was no error, because no objection was made.

As was said in the case of *Levine* v. *Lancashire Ins. Co.,* 66 Minn. 138 [68 N. W. 855, 858], "the mere existence of some errors, in the absence of anything showing that they were the result of fraud, would not necessarily render the books incompetent, although it would undoubtedly affect their credibility". Speaking of the requirement that an entry should be made contemporaneously with the transaction to which it relates, the court in *Redlich* v. *Bauerlee,* 98 Ill. 134 [38 Am. Rep. 87], said: "It suffices if it be within a reasonable time so that it may appear to have taken place while the memory of the fact was recent, or the source from which knowledge of it was derived is unimpaired." In this case the witnesses testified and many exhibits were intro-

duced as to the work done, and it would seem that the charge made was very reasonable, considering everything that was testified to, and that the delay of eight months in recording the item resulted in diminishing the charge rather than otherwise.

▮ (2) Appellant requested no instruction relating to the book account nor was any given by the court. At plaintiff's request the following instruction was given to the jury: "I instruct you that if you find that the law firm of Faries and Williamson performed legal services for the defendant, Monte Regio Corporation, at the instance and request of said defendant, or with their consent, and if you further find that such legal services are of the reasonable value of One Thousand Dollars ($1000.00) you will bring in a verdict for the plaintiff in the sum of One Thousand Dollars ($1000.00)." The following instruction, with the exception of the words italicized, was given at the request of appellant: "You are hereby instructed that unless you find by preponderance of the evidence submitted that the plaintiff's assignors performed services for and in behalf of the defendant corporation and at the request *or with the consent* of said defendant corporation, you will find for the defendant, Monte Regio Corporation." It appears from the record that the latter instruction was modified by the court by inserting therein the words italicized. Appellant contends that in view of the fact that the services rendered by plaintiff's assignors were admittedly performed with the consent of the defendant corporation—and it was the contention of the latter "that while it consented to the performance of such services it did so upon the belief and the understanding and agreement that the attorneys were acting for and on behalf of the Mitchell Company in doing this preliminary work"—the use of the words "or with the consent" in said two instructions told the jury in effect that if the services were performed "with the consent of the defendant then the verdict should be for the plaintiff, without regard to the fact that the complaint alleged, and to sustain a verdict for the plaintiff the jury should also have found, that the open book account charged to the defendant, with all essentials, actually existed". Both instructions would seem to harmonize better with an action of *assumpsit* than one based upon an open book account, but inasmuch as the account was introduced

without objection, and remained unquestioned by the evidence to the end, except as to whom the work was done for, and is only challenged on appeal by reason of the manner of its compilation, it would seem that in the face of defendant's theory of its lack of liability to the plaintiff's assignors the issue raised by the evidence as to whether the services were performed for the defendant or for the Mitchell Company was the only question before the jury. If the jury decided that the services were performed "for the defendant" and at its instance and request, or with its consent, and also found such services to be of the reasonable value of $1,000, then their verdict should be for the plaintiff; otherwise for the defendant. Such seems to be the essence of both instructions quoted, and in view of the fact that the book account was not questioned by defendant, either by objection or requested instruction, we fail to see where it was prejudiced by either instruction. Both leave the question of whether or not the employment was "for or on behalf of defendant" to the jury, and that was the question presented for decision by both parties. Even though both instructions seem more applicable to an action of *assumpsit*, in view of the fact that the one requested by defendant is substantially similar to that of plaintiff's in that regard we do not see how appellant can complain. (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48, 51 [186 Pac. 772].)

Judgment affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1931.