## PETER F. EWER vs. GEORGE MYRICK, JR.

A promissory note, for the payment, "ten years after date," of "seven hundred and fifty dollars, with interest semiannually, fifty dollars of the principal to be paid annually until the whole is paid," is a contract that the interest shall be paid semiannually, that fifty dollars of the principal shall be paid annually; and that the whole amount of the note, principal and interest, shall be paid in ten years after date.

The promisee, by an agreement under seal, executed on the same day with the note, covenanted with the promisor, that "if said note should not be paid at the expiration of the said ten years," he would "give up said note" to the promisor, provided the latter should execute to him a quitclaim deed of certain land men-tioned in the agreement. It was held, that this agreement (assuming that the note and agreement constituted an entire transaction, which the court did not decide) did not preclude the promisee from enforcing payment of the interest, and such instalments as should become due, before the expiration of the ten years.

THIS action was brought to recover the amount due on a promissory note, of which the following is a copy:

"$750.— Nantucket, December 4th 1838. Ten years after date, I, Daniel Bunker, as principal, and George

Myrick, jr., as surety, for value received, promise to pay tc Peter F. Ewer, or his heirs, the sum of seven hundred and fifty dollars, with interest semiannually. Fifty dollars of the principal to be paid annually until the whole is paid.

Daniel Bunker.<br>George Myrick, jr

Witness, Josiah Hussey, Notary Public."

Indorsements. — "December 4th 1839. Received of George Myrick, jr., ninety-five dollars of the within amount.

$95·00 <span style="float:right">Peter F. Ewer.</span>

$13·34. — Nantucket, June 10th 1844. Received thirteen 34-100 dollars.

$13·34. — September 18th 1844. Received thirteen 34-100 dollars.

$13·34. — December 21st 1844. Received thirteen 34-100 dollars."

The plaintiff insisted that he was entitled to recover as upon a note for seven hundred and fifty dollars, payable by annual instalments of fifty dollars each, with interest semiannually.

The defendant contended that the plaintiff could not maintain his action for any part of the sum mentioned in the note ; *first*, on the construction of the note itself, and *secondly*, by reason of his having executed an instrument, which the defendant produced and offered in evidence, and of which the following is a copy :

" Whereas George Myrick, jr., of Nantucket, merchant, has this day endorsed to me, the subscriber, Daniel Bunker's note for seven hundred and fifty dollars, payable in ten years from the fourth day of December, A. D. 1838. — And whereas said Myrick has received from said Bunker and others a deed of a certain lot of land in that part of Nantucket called Newtown, with the buildings thereon, fronting and adjoining Beaver Street, and correctly described in said deed, as security for the payment of said note. Now, if said note should not be paid at the expiration of the said ten years, then I, the sub-

scriber, do obligate myself to give up said note to said My-rick, provided he shall execute to me a quitclaim deed of said premises. And I do bind myself and my heirs to the true performance of this contract. In testimony whereof, I have hereunto set my hand and seal, at Nantucket, this fifth day of December, A. D. 1838.

Peter F. Ewer, and seal.

Witness, Josiah Hussey, Notary Public and Counsellor at Law.

In the note is added, Fifty dollars, to be paid annually, over and above the interest, but if not paid annually, I do agree to wait until the termination of ship Phœnix's voyage — Hussey, master.                        Peter F. Ewer."

The defendant also averred his readiness, if the plaintiff would accept the same, to execute a deed as mentioned in the foregoing instrument, and to deposit the same with the clerk of the court, to be delivered to the plaintiff, on the expiration of ten years from the date of the note, if the latter should not then be paid.

The action was commenced by a writ returnable in this court, bearing date June 9, 1845.

Mr. Justice *Dewey*, before whom the cause was tried, being of opinion that the said instrument constituted no legal defence to the action, it was thereupon agreed by the parties, that judgment should be rendered against the defendant as upon a default, if the whole court should be of opinion that the action could be maintained; and that otherwise the plaintiff should become nonsuit.

The defendant also moved the court for a stay of execu tion, if judgment should be rendered against him, in order that he might have an opportunity to avail himself of his rights (if any) under the bond.

*T. G. Coffin*, for the plaintiff. This action can be maintained, unless something has been done on the part of the plaintiff to defeat it. The defendant contends, that the giving of the sealed instrument has that effect. The condition of that instrument is, that if the note should not be

paid at the expiration of ten years, the plaintiff should give it up, provided the defendant would then give him a quit-claim deed of certain estate, which Bunker and others had conveyed to the defendant.   This covenant did not restrain or estop the payee of the note from seeking payment of it, according to its tenor, by legal process, if necessary.   The agreement under seal, and the note, being executed on differ-ent days, do not constitute one transaction.   The only thing contemplated by the former was, that after paying the interest and annual instalments, as they should fall due, the promisee would then take the deed for such balance as should remain, if the defendant should see fit to give it.   A part of the principal would necessarily remain due, at the expiration of ten years, if nothing more than the $50 and interest should be annually paid.   If these positions are correct, there is no sufficient reason for a stay of execution.

*J. H. Clifford*, for the defendants.    The note, construed independently of the bond or agreement of the plaintiff, is a contract on the part of the defendant, as surety for Bunker, to pay the plaintiff or his heirs $750, "ten years after date."   Within that period, the defendant did not intend to give the plaintiff a right of action against him for any part of the principal ; he agreed that the interest should be paid semiannually, and that has been done.   In order to make the contract, to pay " ten years after date," consistent with the subsequent stipulation, that " fifty dollars of the principal " should " be paid annually," the latter must be considered as a *privilege* granted to the promisors, and not as an obligation imposed upon them.   They were to pay the $750 ten years after date ; but if, during the period whilst the note was running to maturity, they should wish to dimin-ish the amount on which they were paying interest, by the payment of $50 a year, they were to have the right to do so, but without subjecting the surety to a suit for any part of the principal, before the expiration of the ten years, for which the credit had been expressly given.   Unless this is the true construction, the stipulation for ten years' credit is without

any meaning or effect; for, if the obligation of the contract is to be found only in the words "fifty dollars of the principal to be paid annually until the whole is paid," then there is a credit of fifteen years upon a portion of the note ; as a payment of $50 annually would require that term for the extinguishment of the whole debt.

But, in the second place, the note and bond constituted but one transaction. The fact that the note was dated on the 4th of December, and the bond on the 5th, is immaterial. The defendant signed the note on the 5th when he received the bond, and the plaintiff so avers in the instrument itself. In the language of the court in *Makepeace* v. *Harvard College*, 10 Pick. 302, " These several instruments made at one and the same time, and having relation to the same subject matter, must be taken to be parts of one transaction, and construed together for the purpose of showing what was the true contract between the parties." See also *Hunt* v. *Livermore*, 5 Pick. 395 ; *Barnard* v. *Cushing*, 4 Met. 230.

If "the true contract between these parties" is to be carried into effect, it is manifest that what was offered to be shown in defence on the trial was the true contract, namely ; that the defendant, at the request of the plaintiff, consented to become surety in the note, for the payment of which the plaintiff gave Bunker a credit of ten years ; and that if, at the expiration of that time, Bunker did not pay the note, the defendant was to convey to the plaintiff certain real estate which had been previously conveyed to him by Bunker for the purpose, and be thereby discharged from all liability ; or that the defendant should then pay the note. This the defendant now offers to do, and he asks the court to hold the plaintiff to his contract.

This case is clearly distinguishable from those cases, upon the principle of which, it is supposed, the opinion of the judge at the trial was founded, namely, *Dow* v. *Tuttle*, 4 Mass. 414 ; *Perkins* v. *Gilman*, 8 Pick. 229 ; *Central Bank* v. *Willard*, 17 Pick. 150 ; *Allen* v. *Kimball*, 23 Pick. 473. In all these cases, it is believed, the adjudications

were upon negotiable notes; and the court held either that the instrument relied on to defeat the note was a collateral agreement, or, if it was to be taken as a part of the contract, that it was repugnant, and therefore could not be set up against it. In the present case, the bond was as much a part of the original contract between these parties as the note ; and if the note was a contract to pay " ten years after date," the bond is not repugnant to it, and constitutes a good defence to this action.

If the court should be of opinion that the action can be maintained, the dictum of Parsons, C. J., in *Dow* v. *Tuttle,* above cited, that the instrument relied on as a defeasance "may, perhaps, at law, support a motion to stay proceedings, by granting imparlances until the plaintiff could put it in suit, consistent with the agreement," is an authority in favor of the motion of the defendant for a stay of execution.

FORBES, J. It was objected, on behalf of the defendant, that no part of the principal of this note would become due until the expiration of ten years from its date. This objection is answered by the terms of the contract, which leave nothing open to construction ; the promise is express that fifty dollars of the principal shall be paid annually. It was then contended that, if the note is payable by instalments of fifty dollars a year, the whole amount of seve hundred and fifty dollars would not become due until the expiration of fifteen years from the date. By suppressing a part of the agreement, this consequence might follow. The language of the contract may not be critically exact, but the meaning of the parties is plain enough. They agreed that the interest should be paid semiannually, that fifty dollars of the principal should be paid annually, and that the whole amount of the note, principal and interest, should be paid in ten years after date. All this appears upon the face of the note, and however inartificial its language may be, we are to look to the meaning of the parties only, which in the present case is free from doubt.

The real defence is to be found in the bond or sealed agreement, and the memorandum appended to it. This evi

dence was introduced by the defendant, and his counsel contends that the note and bond were made at the same time, that they relate to the same transaction, and are to be read together as evidence of one entire contract. If the recital in the bond refers to the note in suit, the plaintiff would seem to be precluded from denying that the note and bond were made at the same time, and related to the same transaction; but whether they are evidence of an entire contract, or of mutual and independent contracts, we do not think necessary to determine; for, assuming that the contract was entire, it does not disclose an agreement not to enforce payment of the interest, and such instalments as should become due, before the expiration of the ten years. The agreement of the plaintiff was, that if the note should not be paid at the expiration of ten years, it should be given up to the defendant, upon his executing a quitclaim deed of the land described in the bond. There was, certainly, no express agreement not to collect the instalments as they should fall due, nor is such an intention to be fairly inferred. The defendant was surety for Bunker, and had received a conveyance of the land as an indemnity. But the plaintiff evidently relied, not upon the land, but upon the name of the defendant, as security for his claim. If it was optional with the defendant to omit paying the interest and instalments until the maturity of the note, and then to discharge himself, by a conveyance of the land, his name to the note gave no additional security to the plaintiff; and no good reason is perceived why the plaintiff did not, originally, take the land as security without the intervention of the defendant; especially as in that manner he might have availed himself of the intervening rents and profits, which, for aught that appears, are now in the hands of the defendant. We think the true construction of the agreement to be this : the defendant promised that the interest and instalments should be paid, at the several periods mentioned in the note, until the expiration of ten years; the plaintiff entered into the contract with reference to that promise, and upon the supposition that it would be punctually performed. At the expiration of ten years there would

remain due upon the note the sum of three hundred dollars and interest thereon for six months ; and in payment of this sum the plaintiff stipulated that he would receive a deed of the land, at the option of the defendant. It may be further observed, that the bond does not describe the note correctly in this respect : it omits the instalments of fifty dollars a year, but the memorandum supplies this omission, and not only states that the fifty dollars is added in the note to be paid annually, but contains a conditional agreement, by which the annual payment is postponed until the termination of the voyage of the ship Phœnix, (an event which probably happened in due time, as no notice is taken of that agreement in the defence ;) but this agreement discloses an understanding between the parties that the instalments might be demanded before the note became due. It is the opinion of the court that the plaintiff is entitled to judgment, and that the motion of the defendant for a stay of execution ought not to be granted.