[No. 52. First Appellate District.—September 19, 1905.]

WILLIAM C. BISSELL, Appellant, v. SHERIDAN FORBES, LOUISE MILLS FORBES et al., Respondents.

PROMISSORY NOTE—INSTALLMENTS—STATUTE OF LIMITATIONS.—Where a promissory note is payable in monthly installments, the statute of limitations begins to run against each installment from the time when an action might have been brought upon it.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

William C. Bissell, for Appellant.

Wright & Wright, for Respondents.

COOPER, J.—Action to recover on a promissory note, and to obtain a decree of foreclosure of a mortgage given as security therefor.

The court below held that the promissory note, except the last installment, was barred by the statute of limitations, and gave judgment for the last installment only, with a decree of foreclosure. From this judgment plaintiff prosecutes this appeal.

The sole question here is as to the construction to be placed upon the promissory note, which reads as follows:—

"$482.40.          SAN FRANCISCO, CAL., Oct. 27th, 1893.

"On or before three years after date for value received, we promise to pay to Wm. C. Bissell, or order, the sum of four hundred eighty-two and 40/100 (482.40) dollars in United States gold coin with interest at the rate of eight per cent per annum, payable monthly. Payments shall be made as follows: Eighty ($80) dollars on the first day of November, 1893, and the balance in monthly installments of not less than twelve and 50/100 ($12.50) dollars including interest and principal, on the first day of each and every month

thereafter until both principal and interest are fully paid
This note is secured by a mortgage bearing even date here-
with.

"SHERIDAN FORBES,
"LOUISE MILLS FORBES."

The action was commenced October 16, 1900, and in time
if the whole of the note became due October 27, 1896, and
not before, but not otherwise. The note was made in con-
templation of all the payments being made within three years
after its date, but it contains the express agreement that
eighty dollars was to be paid November 1, 1893, and $12.50
on the first of each and every month thereafter. There is
no ambiguity as to this. The parties agreed to it, and it is
not for the courts to make contracts for them. It is ele-
mentary that the statute of limitations commences to run
from the time an action might be brought. If the first in-
stallment, eighty dollars, was not paid November 1, 1893,
the plaintiff could immediately have commenced an action
to recover said amount, and to foreclose his mortgage to that
extent, and so of the $12.50 due December 1, 1893, and of
each subsequent installment. It is precisely as though a
promissory note had been given for the eighty dollars, and
for each payment of $12.50. The defendants agreed to pay
the whole sum on or before three years from date, but they
agreed to pay the separate installments at the times pro-
vided for in the note.

The meaning of the language is plain. Defendants under-
stood what they had agreed to do, and plaintiff must be
presumed to have known the time when the installments of
the note matured. (*Ewer* v. *Myrick,* 55 Mass. 16; *Grattan*
v. *Wiggins,* 23 Cal. 16.) The result is unfortunate for plain-
tiff, but we cannot relieve him on the ground. If the defend-
ants desire to shield themselves by the statute of limitations,
they have the right to do so.

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.