[Civ. No. 3238.  Second Appellate District, Division Two.—November 18, 1920.]

# H. J. VATCHER, Jr., Appellant, v. S. W. GRIER, Respondent.

[1] STATUTE OF LIMITATIONS—BROKER'S COMMISSION—PAYMENT IN INSTALLMENTS.—Where a written agreement for the payment of services in effecting a sale of lands entered into after the services had been completed provided for the payment of the commission in installments as payments were made on the purchase price, the statute of limitations commenced to run on each installment when it fell due.

[2] ID.—TIME OF PAYMENT OF INSTALLMENTS—CONSTRUCTION OF CONTRACT.—Where a written agreement for the payment of services in effecting a sale of land entered into after the services were completed provided that a certain percentage of each installment payment made on the purchase price should be paid to the brokers, the effect thereof was to fix the time at which the respective payments on commissions should fall due as the time when the payments on the purchase price were actually made, and until the latter payments were made no cause of action for the recovery of the installments of commissions could be had. (Opinion of supreme court in denying hearing.)

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Henning & McGee for Respondent.

WELLER, J.—Plaintiff appeals from an adverse judgment entered after a demurrer to his complaint had been sustained without leave to amend.

The complaint alleges that plaintiff's assignors were employed by defendant to negotiate the sale of certain lands in San Diego County, and that as the result of their efforts the defendant executed certain escrow instructions to the Union Title & Trust Company of San Diego, which provided for the payment of $5,000 cash and $85,000 in installments, secured by a trust deed on the property. On the nineteenth day of October, 1912, the same day that the escrow was deposited, defendant agreed in writing to pay plaintiff's assignors for their services in effecting the sale the sum of $10,000, they in return to pay defendant the sum of $2,500 for the work done by him in negotiating the deal. By the terms of the written agreement such payments were to be made, "eleven and one-ninth (11–1/9) per cent of each payment as payments are made; one-fourth (1/4) to be applied on the commission to be paid to the party of the first part [defendants], and three-fourths (3/4) to be applied on the commission to be paid by the parties of the second part [plaintiff's assignors]." It further is alleged that, by the terms of the agreement, defendant promised to pay plaintiff's assignors $7,500, in seven installments, as the payments fell due under the trust deed mentioned in the escrow instructions, the last three payments so specified maturing April 19, 1914, October 19, 1914, and April 19, 1915, respectively. So far as the record shows, this action was commenced on May 1, 1918.

The demurrer was general and also on the ground that the cause of action was barred by the provisions of section 337 of the Code of Civil Procedure.

This is not the ordinary case of a broker's contract, where the right of recovery is dependent upon the performance of precedent conditions by the broker. The agreement here in question was made after the services had been completed, and is to be construed according to its terms.

[1] We shall first consider the plea of the statute of limitations. The complaint attempts to allege an unqualified promise to pay $7,500 in seven installments, falling due at specified dates, five of which matured more than four years prior to the filing of the complaint. As to these five install-

ments, aggregating $4,166.64, accepting plaintiff's construction of the contract, there can be no question that they would have been barred at the time of the commencement of the action, as the statute commences to run on each installment when it falls due. (*Bissell* v. *Forb*es, 1 Cal. App. 606, [82 Pac. 698].) As to the remaining two items, aggregating $3,333.36, the situation presents a different aspect. If the agreement to pay at the times alleged were absolute, as claimed by plaintiff, they would not be barred, as they matured within four years before the complaint was filed. This brings us to a consideration of the provisions in the contract regarding the times and conditions of payment. It will be observed that the clause reads that ''eleven and one-ninth (11-1/9) per cent of each payment as payments are made'' is to be paid to the brokers. This provision has the effect of creating a particular fund from which the obligation shall be satisfied, and unless it is alleged and proven that such payments were made and the fund thus became available, no cause of action for the recovery of the amount arises. (*Lindley* v. *Fay,* 119 Cal. 239, [51 Pac. 333].)

The allegations in the complaint regarding the maturity of the installments are based upon an erroneous construction of the contract. Without taking into consideration the conditional promise to pay from the source indicated, the pleader concludes that the maturity of the installments on the trust deed note definitely fixed the time for the payments on his contract. If the promise to pay the $7,500 had been unconditional, as contended by plaintiff, and the sum had fallen due on the date of the contract, namely, October 19, 1912, then the plea of the statute would be a good defense. But, as we have seen, payment was postponed by the terms of the agreement until the happening of some future event, i. e., the payment of installments of the purchase price, and, therefore, it must be made to appear affirmatively that such event has occurred as a condition precedent to plaintiff's right to recover. (*Van Buskirk* v. *Kuhns,* 164 Cal. 472, [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587].)

There is here no averment that any of the installments of the trust deed note were ever paid, and it is not shown by the pleading that the fund from which plaintiff's

claim should be satisfied at any time materialized; hence, no sufficient cause of action is alleged in the complaint.

Plaintiff made no request for leave to amend, but chose to stand upon his complaint as framed, and we must assume, therefore, that no further facts could have been alleged in aid of his claim.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second district, division two, is denied.

[2]  The opinion of the district court of appeal is, perhaps, inaccurate in stating that a provision of the agreement has "the effect of *creating a particular fund* from which the obligation shall be satisfied." It does, however, fix the time at which the respective payments on commissions shall fall due as the time when the payments on the purchase price are actually made, with the result that the reasoning and conclusion of the district court are correct.

All the Justices concurred, except Lennon, J., who was absent.