[Civ. No. 6676. First Appellate District, Division Two.—June 7, 1929.]

J. H. BAILEY, Respondent, v. E. B. HOFFMAN et al., Appellants.

Kincaid & Fitzpatrick for Appellants.

David Cosgrove for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to recover on a book account. The defendants filed a joint answer. The action was tried before the court sitting without a jury. The court made findings of fact in favor of the plaintiff, and from a judgment entered thereon the defendants have appealed and have brought up a bill of exceptions which, on its face, appears to be a digest only of the proceedings below.

The plaintiff makes a preliminary objection to the hearing of the appeal. He calls attention to the fact that more than sixty days elapsed between the date the judgment was entered and the date of the filing of the notice of appeal. The defendants reply that the judgment was entered July 25, 1928, that on July 30, 1928, they served a notice of intention to move for a new trial, that afterward they made their motion and that the motion was denied September 17, 1928. Thereupon they show that within thirty days they filed their notice of appeal. Under

these facts their notice of appeal was filed in due time. (Code Civ. Proc., sec. 939.)

The first point made by the defendants is that the court erred in receiving in evidence the plaintiff's alleged book account. From the bill of exceptions it appears that the plaintiff produced a certain book kept by him and in which appeared the said account. The heading is "Dr. Hoffman job at Emerald Lake," then follows the year, 1924. Below in chronological order were entered charges for labor and materials January 7th to February 12th, both dates inclusive. No entries are made on the credit side. At the end the materials are summarized at $161.35, labor at $478.75, and freight at $4.75. Specifying their objections to the purported account, the defendants say that it does not show against whom the charges are made, it does not show in whose favor the charges are made, and that it is not a detailed statement in the nature of debit and credit arising out of contract or some fiduciary relation, and they cite and rely on *Wright* v. *Loaiza,* 177 Cal. 605 [171 Pac. 311]. The authority cited is not applicable to the facts. The statements or entries are made in detail. They are all debits. No credit appears and none was claimed. The book was produced from the possession of the plaintiff and there was nothing in the evidence showing or tending to show that he kept any accounts in favor of anybody but himself. Therefore it cannot be said that there was not some evidence showing that the account was in his favor. The account does not show expressly that it was against these defendants. But, it will not be controverted that the parties were entitled to explain the account by the introduction of evidence regarding the circumstances under which it was made and the matter to which it related. (Civ. Code, sec. 1647.) Nothing to the contrary appearing in support of the judgment we are bound to assume that evidence was introduced showing that these defendants occupied property at Emerald Lake, that there were not other Hoffmans occupying property there, or if there were, that the other Hoffmans were not known as "Dr. Hoffman." Following the same line of reasoning there are other facts, which we are likewise entitled to assume, all of which go to establish the identity of the debtor. Under these circumstances we think it cannot be

said that there was no evidence before the trial court identifying the account as the account alleged in plaintiff's complaint. The trial court did not err in receiving the account in evidence.

The trial court made a finding that "all the allegations of plaintiff's complaint are true." The defendants contend the finding is not supported by the evidence. This attack is based on the facts which we have just discussed. For the reasons stated above we think the point is not well taken.

In their answer the defendants pleaded that the action was barred by the statute of limitations. (Code Civ. Proc., subd. 2, sec. 337.) The last item in the account was February 12, 1924. The action was commenced January 31, 1928. The trial court made a finding that the action was not barred. The defendants claim that the finding was not sustained by the evidence. They also assert that if the account was proved as alleged that the statute barred all items not falling within the four-year term. They also assert that the amendment of 1907 applied to actions to recover "*a balance* due . . . upon an open book account"; but that the amendment of 1917 is addressed to actions "to recover upon a book account." They stress the change made by omitting the words "a balance" and claim that the present rule is that the statute bars all items not falling within the four-year period. All of these contentions present solely a question of statutory interpretation. If the statute, as it stands, commences to run from the date of the last item proved by the plaintiff, all of the contentions just stated must be ruled against the defendants.

We think *Furlow P. B. Co.* v. *Balboa L. & W. Co.*, 186 Cal. 754 [200 Pac. 625], rules the point. That was an action to recover on an open book account. When the facts occurred (1913–14) an action to recover a balance due upon a mutual, open and current account would be barred in four years. (Code Civ. Proc., sec. 337.) If there were no other statutes on the subject it might be argued that the expression "balance" applied to items that were entered within the four-year period. But there was another statute. It proved that "In an action brought to recover a balance due upon a mutual, open, and current account, where there

have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side." (Code Civ. Proc., sec. 344.) It will be observed that both statutes were limited to mutual, open and current accounts. Section 344 was not amended. Section 337 was amended and it placed on an even footing, under the four-year term, a mutual, open and current account and an open book account. No doubt the court took all of these matters into consideration. Thereafter it expressed its conclusion as follows: "The rule has long been settled in this state with reference to a 'mutual, open and current account' mentioned in subdivision 2, section 337 of the Code of Civil Procedure, that the statute runs from the date of the last item shown in the account. (*Carter* v. *Canty,* 181 Cal. 749 [186 Pac. 346].) The evident purpose of the amendment, subdivision 2, section 337 of the Code of Civil Procedure, was to put an open book account upon the same basis." In other words, the court decided that the legislature sought to eliminate all distinctions in applying the statute of limitations to the two classes of accounts. When the amendment of 1917 was made we think that the legislature sought to eliminate any distinction as to accounts generally and sought to place actions to recover (1) upon a book account whether open or not; (2) upon an account stated; (3) a balance due upon a mutual, open, and current account all on the same basis. The omission of the word "balance" is of negligible importance. It is expressly used regarding a mutual account. It is necessarily implied as to an account stated. In the sense of "a total" it is necessarily implied as to a book account because to hold otherwise would authorize a plaintiff to sue for one item at a time as distinguished from suing on an account. As amended in 1917 the expression "a book account" includes and refers to an open book account and also to a book account which consists of entries on one side only. As to the latter class it would be illogical to speak of "a balance." There can be "a balance" on account only when there are items on both sides. Moreover when the amendments of 1907 were adopted extraordinary conditions prevailed in this state. The greatest municipal fire of all times had occurred. Many persons were without available funds who, in a short space

of time, would collect insurance and be prepared to pay their debts. To protect both debtor and creditor amendments were made to sections 337 and 339 of the Code of Civil Procedure. The legislature sought to protect not only both classes but all in each class. While these reasons were not mentioned, we think they were in mind when the Furlow case, *supra*, was decided. Therefore, basing our ruling on the same line of reasoning as adopted in the Furlow case, we hold that the statute commenced to run from the last item proved in the account, to wit, February 12, 1924. If we are mistaken in this holding then it follows the plea of the statute would eliminate every entry not falling within the statutory period both as to a book account and also an open book account because the statute, "upon a book account whether consisting of one or more entries . . . " speaks of both without discriminating between them. In other words, the rule proclaimed in the Furlow case would be abrogated by the amendment of 1917. That ruling we are not inclined to make.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.