[Civ. No. 96. Fourth Appellate District.—June 27, 1930.]

MYRTLE BOEHMKE, Respondent, v. MARIE WEST-FALL, Appellant.

P. M. Andrews for Appellant.

A. T. Roark for Respondent.

CARY, P. J.—From a judgment against her in the sum of $402.82 defendant prosecutes this appeal.

The complaint is as follows:

"Plaintiff complains of defendant and for cause of action alleges: (1) That at sundry times between the first day of January, 1924, and the 31st day of December, 1926, the defendant received from plaintiff the sum of Four Hundred Two Dollars and eighty-two cents ($402.82) for the use and benefit of the defendant, which sum the defendant agreed to return or to repay the plaintiff upon demand. (2) That before the commencement of this action the plaintiff herein demanded payment from the defendant of said sum of Four Hundred Two Dollars and eighty-two cents ($402.82). (3) That defendant has failed and refused to pay *defendant* said sum of Four Hundred Two Dollars and eighty-two cents ($402.82) or any part thereof. Wherefore, plaintiff demands judgment against the defendant in the sum of Four Hundred Two Dollars and eighty-two cents ($402.82)."

The amended answer denied all the allegations of the complaint and alleged that the action was barred by the statute of limitations, Code of Civil Procedure, section 339, subdivision 1.

Briefly summarized the evidence is as follows: Plaintiff was the daughter of defendant. She testified that, beginning with November of 1924, she had been loaning defendant money and that each time as she loaned the money she would immediately enter the amount, etc., in a little book which she kept for that purpose. This account, introduced by plaintiff without objection, is as follows:

"(Last page:)

Mother owes.

1924

| | | |
|---|---|---|
| Once | $ 5.00 | |
| Once | 10.00 | Nov. |
| Once | 20.00 | |
| Once | 25.00 | |
| Dec. 2 | 50.00 | |
| Jan 17 | 30.00 | ...... 1925 |
| Feb 25 | 30.00 | |
| April 6 | 35.00 | |
| June 11 | 30.00 | |
| July 20 | 27.73 | |

$262.73

1925

| | | | |
|---|---|---|---|
| W. Bill | 1.00 | June | |
| gas Bill | 2.59 | & | |
| suit | 1.50 | July | |
| cash | 35.00 | | |
| cash | 35.00 | | |
| cash | 10.00 | Aug 12 | |
| cash | 5.00 | Aug 25 | |
| cash | 10.00 | Sept 12 | |
| cash | 25.00 | Sept 14 | |

387.82

"(Next to last page:)

1925

387.82
10.00  Sept 28th
5.00  Oct

402.82
...................."

She further testified that defendant had asked her on three different occasions after the last loan how much she owed, and when informed that the amount was $402.82 had made no objection to that figure and had promised to pay. This latter was brought out on cross-examination by defendant's counsel. Defendant testified that plaintiff had loaned her about $200, although she was not at all clear on the amount, that plaintiff had told her she had the amount marked down in her little book, that she—defendant—had never paid plaintiff back anything, but had trusted plaintiff to keep accurate account; that she—defendant—did not recall just what amount plaintiff said she owed, it might have been a thousand dollars for all that she knew, plaintiff had asked her to sign a note for the amount sued upon and she had refused. In rebuttal plaintiff testified that defendant, when requested to sign the note, had raised no objection to the amount, but had merely said she would not sign any note.

The court found in part as follows:

"(1) That at sundry times between the 1st of January, 1924, and the 31st day of December, 1926, the defendant received from plaintiff on a book account the sum of Four Hundred Two Dollars and eighty-two cents ($402.82) for

the use and benefit of defendant, which sum the defendant agreed to return or repay to plaintiff upon demand. (2) That before the commencement of this action the plaintiff herein made and presented to defendant her stated account amounting to Four Hundred Two Dollars and eighty-two cents ($402.82), and thereupon demanded payment to her from the defendant of said sum. That defendant did not at the time said account was presented to her by plaintiff as aforesaid or at any other time before bringing this action to trial, dispute the correctness of the amount of said account but acquiesced therein. (3) That defendant has failed and refused to pay plaintiff said sum of Four Hundred Two Dollars and eighty-two cents ($402.82) or any part thereof and the whole of said sum of Four Hundred Two Dollars and eighty-two cents ($402.82) is now due and owing from defendant to plaintiff.''

The court concluded that the plaintiff was entitled to judgment against defendant in the sum of $402.82 and rendered judgment accordingly.

■ Appellant contends that the finding of an account stated is not within the issues. This is true. However, ''It has been repeatedly held in this state that where the trial court and the parties to an action proceed to a trial of the cause upon the theory that there is a material issue, and the court, upon evidence addressed to that issue and received without objection, finds in accordance with that evidence and upon the theory that an appropriate issue was raised by the pleadings, 'the parties will not, nor will either of them, be allowed here for the first time to say there was no such issue,' '' as said in *Schroeder* v. *Mauzy*, 16 Cal. App. 443, at 447 [118 Pac. 459, 461] (citing numerous cases). In the case at bar the testimony regarding the account stated was brought out by counsel for defendant on cross-examination of the plaintiff and the case thus falls squarely within the rule announced. ■■ Further, there was sufficient evidence to support this finding, it being settled that a writing is not essential to the creation of an account stated. (*Converse* v. *Scott*, 137 Cal. 239, at 241–243 [70 Pac. 13]; *Mitchell* v. *Fleming*, 77 Cal. App. 241, at 245 [246 Pac. 152]; *Bennett* v. *Potter*, 180 Cal. 736, at 743 [183 Pac. 156].)

█ Appellant further contends that the account as introduced in evidence lacks the essentials of a book account as referred to in Code of Civil Procedure, section 337, subdivision 2, which provides four years' time within which to bring an action upon a book account. The reason appellant advances is that neither the name of the debtor nor the creditor appears therein.

The words "Mother owes" are in our opinion sufficient identification, when supplemented by both the testimony of plaintiff and defendant, to identify the account as being against the defendant. Regarding the failure of the account to show the name of the creditor, it is true that plaintiff's name nowhere appears therein. The objection that the name of the creditor was not shown in a book account was raised in *Bailey* v. *Hoffman,* 99 Cal. App. 347 [278 Pac. 498], but the court in overruling this contention remarked, at page 349:

"The book was produced from the possession of the plaintiff and there was nothing in the evidence showing or tending to show that he kept any accounts in favor of anybody but himself. Therefore it cannot be said that there was not some evidence showing that the account was in his favor."

In the case at bar not only was the book produced from the possession of the plaintiff, but she identified it as the book in which she kept the account between defendant and herself and the defendant likewise testified that plaintiff had kept such an account at defendant's request. We therefore hold the point to be without merit.

The judgment is affirmed.

Barnard, J., and Ames, J., *pro tem.,* concurred.