[Civ. No. 6360.   Third Appellate District.—November 26, 1940.]

WARREN S. TILLSON, Respondent, v. ANDREW PETERS, Appellant.

Hawkins & Hawkins & Cardozo for Appellant.

Edward T. Taylor for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment for $1200 which was rendered against him in a suit for unpaid rent of a dairy ranch for the alleged period of five years. The issues were determined on the theory that the suit was founded on "an open book account", although the complaint fails to make any reference to a book account. A special demurrer to the complaint, on the ground of uncertainty regarding the terms of the lease, was overruled. The defendant also pleaded, by means of his demurrer, and in his answer, that the cause was barred by the statute of limitations.

The evidence shows, without conflict, that the plaintiff sought to recover judgment for deferred and unpaid monthly items of rental of a dairy ranch, pursuant to the terms of *an oral lease,* covering a period of five years which expired more than two years before the action was commenced. At the trial there was an effort to prove that the balance due for

unpaid rental was established by a book account which was kept by the plaintiff, the last item of which showed a credit on January 7, 1935, of the sum of $125 in favor of the defendant. The court adopted findings determining that, on August 20, 1938, defendant was indebted to plaintiff in the sum of $1200, "upon an open book account". Judgment was rendered against the defendant for said sum of $1200, and interest thereon from the last-mentioned date, at the rate of seven per cent per annum. From that judgment this appeal was perfected.

■ The complaint does not pretend to state a cause of action based on a book account. It attempts to allege a cause of action for unpaid installments of rent due for a specified period of time from April 1, 1931, to April 1, 1936. It is not alleged whether the contract was written or oral. Paragraph I of the complaint states that:

"Defendant is indebted to plaintiff in the principal sum of $1625.00, together with interest thereon in the further sum of $700.00, for the balance of an account for *rental of premises of plaintiff*, rented and occupied by defendant from April 1, 1931 to April 1, 1936; the whole of said principal rental due between said dates was and is $9140.00, no part of which has been paid except the sum of $7515.00; the balance of said account first above aforesaid in the principal sum of $1625.00 still being unpaid, together with interest thereon in the sum of $700.00."

The defendant demurred to that complaint on the ground that the cause of action is barred by the statute of limitations, and that the pleading is uncertain for the reason that it cannot be ascertained therefrom whether the rental was due monthly, annually or at the termination of the full period of five years for which the premises were leased.

We are convinced the complaint is uncertain in that regard. It is uncertain from the allegations of the pleading whether the property was rented for an aggregate sum which became due under the contract for the entire term of five years, ending April 1, 1936, or whether the rent became due in monthly or annual installments. That is an important issue which should have been pleaded. ■ If the rent became due in monthly installments, which the uncontradicted evidence shows that it did, the right of action accrued upon each installment of rent when it became due, and the statute

of limitations began to run on each monthly installment of rent from such dates. (*Lee* v. *DeForest*, 22 Cal. App. (2d) 351, 360 [71 Pac. (2d) 285]; sec. 1947, Civ. Code; 15 Cal. Jur. 723, sec. 133.) ▉ The plaintiff, no doubt, alleged that $1625 rental for the premises was due for the five-year period from April 1, 1931, to April 1, 1936, so as to avoid the effect of the statute of limitations. If that were all that he alleged, the complaint might be deemed to state a good cause of action in *assumpsit*, on the theory that the rent was really not due until the end of the term specified. But he further alleges that there was $700 interest due on *deferred installments of rent,* which refutes the theory that the rent was due only at the termination of the contract. Those conflicting statements in the pleading created an uncertainty as to whether the rent was due under the contract in monthly, or yearly installments, or only at the termination of the five-year period mentioned in the complaint. That issue is material and the special demurrer should have been sustained.

The defendant answered the complaint, denying the material allegations thereof, and affirmatively pleaded that the cause was barred by the statute of limitations.

At the trial the plaintiff sought to avoid the effect of the statute of limitations by attempting to prove that the action was founded on a balance of rental shown to be due upon an open book account. It appears that the plaintiff kept an account book and ledger in which he credited the defendant only with certain sums of money, representing installments of rent, on the respective dates when they were paid. The history of the transaction was not recorded in the books. Neither the original indebtedness nor unpaid installments of rent were charged to the defendant or entered in the books. The books were not offered in evidence. It is impossible to determine from the testimony of the contents of the book entries which were adduced what the transaction was about, or whether any balance was thereby shown to be due to the plaintiff. Evidently the books do not disclose those facts.

It appears without conflict that the defendant rented a dairy ranch from the plaintiff for a term of years, under a written lease providing for installments of rental of $200 payable each month; that the written lease expired about 1930, and was not renewed; that the defendant, by mutual consent, continued to hold possession of the premises for

several years thereafter under *an oral lease* upon the same terms and conditions contained in the former written lease, except that the rental was first reduced to the sum of $175 per month, and finally to the sum of $125 per month; that no rent was paid after January 7, 1935, at which date the plaintiff's ledger merely shows that the defendant paid him the sum of $125. The complaint infers that the lease terminated April 1, 1936. It is not contended the defendant held possession of the premises after that date. This action was not commenced until August 31, 1938.

Clearly this suit is founded on *an oral contract* for the leasing of real property. (Sec. 1945, Civ. Code.) It is a suit in *assumpsit* to recover deferred installments of rent which became due monthly at specified times and in definite sums according to the terms of the *oral contract*. It has been held that the fulfillment of the terms of either a written or an oral contract, similar to the one which is here involved, may not be avoided by attempting to convert the suit for breach of the specific terms of a contract into an action based on an open book account. A suit to recover unpaid installments of rental due according to the terms of either a written or an oral contract, in specified monthly sums, is subject to the bar of the statute of limitations from the respective dates when each installment becomes due. In such an action upon an oral contract the statute of limitations may not be extended from two to four years by the mere device of attempting to convert the cause into a suit based on an open book account.

In the case of *Lee v. DeForest, supra,* it is said, with respect to a similar installment contract, in which a claim upon an open book account was specifically alleged:

"We think that plaintiff's attempt to recover by alleging an open book account when his right of action is based upon the terms of an express contract, ought not to be allowed. . . . As to installment contracts generally, the weight of authority is to the effect that *an action to recover any unpaid instalment must be brought within the period of limitations after the particular instalment becomes payable under the contract.* (82 A. L. R. 316; *Bissell* v. *Forbes,* 1 Cal. App. 606 [82 Pac. 698]; *People* v. *California Safe Deposit & Trust Co.,* 41 Cal. App. 727 [183 Pac. 289]; *Vatcher* v. *Grier,* 50 Cal. App. 39 [195 Pac. 75]; *Mason* v. *New York,* 28 Hun, (N. Y.) 115.)"

In the DeForest case the court quoted approvingly from the case of *Connor Livestock Co.* v. *Fisher,* 32 Ariz. 80 [255 Pac. 996, 57 A. L. R. 196], as follows:

"An express contract, which defines the duties and liabilities of the parties, *whether it be oral or written,* is not, as a rule, an open account. . . . Were the only basis of plaintiff's action the rent due on the three oral leases, we do not think it could be successfully contended that it constituted an 'open account'. *The amount of rent due and the time of payment under the leases was fixed,* and the fact that the tenant was at times behind in his rent, or that the leases might be terminated at any time on notice, do not, we think, affect the character of the contracts. We have been cited to no authority holding a contract of this nature creates an open account. . . . We do not think the items of rent constitute either an open account or any part thereof, and the plea of the statute of limitations was therefore available to defendant."

In the case of *Stewart* v. *Claudius,* 19 Cal. App. (2d) 349 [65 Pac. (2d) 933], the court held that the *provisions of a contract* were controlling with respect to the application of the statute of limitations, and that the transaction did not constitute a book account upon which a suit in *assumpsit* might be based under section 337 of the Code of Civil Procedure, even though all of the credits and debits of the respective parties were entered in an account book. It is there said:

"The provisions of the contract are controlling as to the running of the statute; and even though the plaintiff keeps a memorandum book in which he charges the accounts accruing under the contract and credits therein the several payments made, *the entries in the book account do not fix a new date for the running of the statute.*"

Moreover the entries which were made in his books by the plaintiff in the present case do not constitute a "book account" which may furnish the foundation for a suit in *assumpsit* under the provisions of section 337 of the Code of Civil Procedure. The plaintiff merely credited to the defendant, in his ledger, the payments of certain sums of money, when they were made. The books contain no history of the transaction of the leasing of the ranch under which the installments of rental were paid. Neither the nature or amount

of the original indebtedness, nor any unpaid installments of rental were entered in the books. The book entries did not purport to record the nature of the transaction, nor the debits and credits of the respective parties. They contained no information from which it could be ascertained what amount, if any, was due to the plaintiff.

A book account may be deemed to furnish the foundation for a suit in *assumpsit*, within the limitation of time prescribed by section 337 of the Code of Civil Procedure, only when it contains a statement of the debits and credits of the transactions involved completely enough to supply evidence from which it can be reasonably determined what amount is due to the claimant. (*Wright* v. *Loaiza*, 177 Cal. 605 [171 Pac. 311].) The mere entry in a cash book or ledger of the amounts and dates when a debtor makes certain payments, without further information regarding the transaction which is involved, does not constitute a book account within the contemplation of section 337. The term "account", as it is used in the statute clearly requires the recording of sufficient information regarding the transaction involved in the suit, from which the debits and credits of the respective parties may be determined, so as to permit the striking of a balance to ascertain what sum, if any, is due to the claimant. Webster's New International Dictionary, at page 15, defines the term "account" as follows:

"A reckoning of money transactions; a register of pecuniary transactions; a written or printed statement of business dealings, or debts and credits, or of a certain class of them, or of other things subject to a reckoning or review; hence a right or claim, the items of which make up such a statement."

In 11 Corpus Juris Secundum, at page 518, a "book account" is defined as:

"A book in which a detailed history of business transactions is entered; a record of goods sold or services rendered; a statement in detail of the transactions between parties, including prices made contemporaneously with the transaction and entered in a book. It has been said that a 'book account' consists of entries made in the regular course of business showing the transactions which have actually occurred in the business, and not of orders, executory contracts, things to be done subsequent to the entries, or of methods and principles according to which the business must be conducted and entries made."

It is apparent that the mere entry of dates and payments of certain sums in the credit column of a ledger or cash book under the name of a particular individual, without further explanation regarding the transaction to which they apply, may not be deemed to constitute a "book account" upon which an action in *assumpsit* may be founded. In the present case there were deferred installments of rent, which are the very foundation of this suit, none of which were entered in the book or charged to the defendant. We are therefore of the opinion the record does not constitute a book account in contemplation of law.

The case of *Bailey* v. *Hoffman*, 99 Cal. App. 347 [278 Pac. 498], is not in conflict with what we have previously said regarding the necessary entries which may constitute a book account. It is true that the court determined in that case the entries which were made by the plaintiff in his books under the heading "Dr. Hoffman job at Emerald Lake", charging to the defendant several specified items on designated dates, constituted a book account although there were no credits entered in the book. The court did say "No credit appears and none was claimed". Clearly no payments were made on account of that transaction. The court was therefore justified in holding that the book account did adequately include a complete history of the transaction involved.

Since this action is founded on an oral contract of lease specifying the exact installments of rent which became due each month during the term of lease, the statute of limitations ran on each monthly installment in two years from the date when it became due. (Sec. 339, Code Civ. Proc.) That two-year limitation of time within which this action could be commenced, under the undisputed evidence of this case that the claim for unpaid rental is necessarily founded on an oral lease payable in monthly installments may not be extended by the mere fact that the plaintiff credited the defendant in his ledger with payments of certain installments of rent when they were made. Since it is alleged that the lease expired April 1, 1936, and it appears the last payment was made not later than April 1, 1935, and more than two years elapsed since the termination of the lease before this action was commenced, the defense of the statute of limitations, which was specifically pleaded in the answer, bars all

unpaid installments of rent. It is therefore useless to remand the cause for further trial.

The *judgment* is reversed, and the court is directed to render judgment for the defendant.

Pullen, P. J., and Tuttle, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 26, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 23, 1941.